1  LORETTA E. LYNCH
   Attorney General
2  MARK J. KAPPELHOFF
   Deputy Assistant Attorney General
3  Civil Rights Division
   JUDITH C. PRESTON
4  Acting Chief, Special Litigation Section
   LAURA COON, Special Counsel, Special Litigation Section
5  LUIS E. SAUCEDO, Counselor to the Chief, Special Litigation Section
   CATHLEEN S. TRAINOR, Trial Attorney
6  U.S. Department of Justice
   Civil Rights Division
7  Special Litigation Section
        950 Pennsylvania Avenue, N.W., PHB 5026
8       Washington, D.C.  20530
        Telephone:  (202) 514-6255
9       Email: laura.coon@usdoj.gov; cathleen.trainor@usdoj.gov

10 EILEEN M. DECKER
   United States Attorney
11 LEON W. WEIDMAN
   Assistant United States Attorney
12 Chief, Civil Division
   ROBYN-MARIE LYON MONTELEONE (State Bar No. 130005)
13 Assistant United States Attorney
   Assistant Division Chief, Civil Rights Unit Chief, Civil Division
14 JOANNA HULL (State Bar No. 227153)
   Assistant United States Attorney
15      300 North Los Angeles Street, Suite 7516
        Los Angeles, California 90012
16      Telephone: (213) 894-2458/6585; Facsimile: (213) 894-7819
        E-mail: Robby.Monteleone@usdoj.gov; Joanna.Hull@usdoj.gov
17
   Attorneys for Plaintiff
18 UNITED STATES OF AMERICA

19              UNITED STATES DISTRICT COURT

20          FOR THE CENTRAL DISTRICT OF CALIFORNIA

21                   WESTERN DIVISION

22 UNITED STATES OF AMERICA,            No. CV 15-5903

23          Plaintiff,
                                        **COMPLAINT**
24          v.
                                        [For violations of the Civil Rights of
25 COUNTY OF LOS ANGELES AND            Institutionalized Persons Act, 42 U.S.C.
   LOS ANGELES COUNTY SHERIFF          §§ 1997-1997j; and the Violent Crime
26 JIM MCDONNELL, in his official       Control and Law Enforcement Act of
   capacity;                           1994, 42 U.S.C. § 14141]
27
            Defendants.
28

                              1

1    Plaintiff, UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned

2    attorneys, hereby alleges upon information and belief:

3        1.    The Attorney General files this Complaint on behalf of the United States of

4    America pursuant to the Civil Rights of Institutionalized Persons Act of 1980, 42 U.S.C.

5    § 1997, to enjoin the named Defendants from depriving persons incarcerated at the Los

6    Angeles County Jails ("Jails"), located in Los Angeles County, California, of rights,

7    privileges, or immunities secured or protected by the Constitution and laws of the United

8    States.  This Complaint is also filed pursuant to the Violent Crime Control and Law

9    Enforcement Act of 1994, 42 U.S.C. § 14141 ("§ 14141"), which gives the Attorney

10   General authority to file suit to remedy a pattern or practice of misconduct by law

11   enforcement officers that deprives persons of rights, privileges, or immunities secured or

12   protected by the Constitution and laws of the United States.

### JURISDICTION AND VENUE

14       2.    This Court has jurisdiction over this action under 28 U.S.C. § 1345.

15       3.    The United States is authorized to initiate this action pursuant to 42 U.S.C.

16   § 1997a and § 14141.

17       4.    The Attorney General has certified that all pre-filing requirements specified

18   in 42 U.S.C. § 1997b have been met.  The Certificate of the Attorney General is

19   appended to this Complaint as Attachment A and is incorporated herein.

20       5.    Venue in the United States District Court for the Central District of

21   California is proper pursuant to 28 U.S.C. § 1391.  Defendants reside in the Central

22   District of California, and the claim arose in this District.

### PARTIES

24       6.    Plaintiff is the United States of America.

25       7.    Defendant LOS ANGELES COUNTY (the "County") is a governmental

26   subdivision created under the laws of the State of California and governed by the Los

27   Angeles County Board of Supervisors.  Defendant LOS ANGELES COUNTY owns

28   and, through Defendant LOS ANGELES COUNTY SHERIFF JIM MCDONNELL,

1  operates the Jails, which consist of eight facilities located throughout Los Angeles

2  County.  Defendant LOS ANGELES COUNTY, through the Los Angeles County Board

3  of Supervisors, has responsibility for funding the operations of the Jails.

4      8.     Defendant LOS ANGELES COUNTY SHERIFF JIM MCDONNELL, is

5  the Los Angeles County Sheriff, an independently-elected constitutional officer not

6  under the authority of the County Board of Supervisors.  CA. Const. Art. 11, § 1(b).

7  SHERIFF MCDONNELL has responsibility for the security and custody operations of

8  the Jails and to protect the safety of prisoners in the Jails.  SHERIFF MCDONNELL is

9  sued in his official capacity only.

10     9.     Defendants LOS ANGELES COUNTY and SHERIFF MCDONNELL are

11  together responsible for the conditions of confinement and health and safety of persons

12  incarcerated at the Jails.  LOS ANGELES COUNTY, through its Department of Mental

13  Health, provides mental health services to prisoners in the Jails.

14     10.    Defendants are legally responsible, in whole or in part, for the operation and

15  conditions of the Jails, and for the health and safety of persons incarcerated there.

16  Defendant LOS ANGELES COUNTY owns the Jails; Defendant SHERIFF

17  MCDONNELL is responsible for maintaining the Jails; Defendant SHERIFF

18  MCDONNELL is responsible for the security and custody operations of the Jails;

19  Defendant LOS ANGELES COUNTY, through its Department of Mental Health, is

20  responsible for providing mental health care services to prisoners in the Jails; and

21  Defendant LOS ANGELES COUNTY is responsible for funding the operations and

22  maintenance of the Jails.  This action concerns the administration of persons confined at

23  the Jails, which houses adult male and female prisoners who are felons, gross

24  misdemeanants, misdemeanants, pre-trial detainees, witnesses, or others being detained

25  in protective custody.

26     11.    At all relevant times, Defendants or their predecessors in office have acted

27  or failed to act, as alleged herein, under color of state law.

28

## FACTUAL ALLEGATIONS

12.    The Jails is an institution within the meaning of 42 U.S.C. § 1997(1).

13.    Sheriff's Department custody staff assigned to the Jails are law enforcement officers within the meaning of § 14141.

14.    Persons confined to the Jails include both pre-trial detainees and sentenced prisoners.[1]

15.    Defendants have repeatedly and consistently disregarded known or serious risks of harm to prisoners at the Jails.

16.    In June 1996, the Department of Justice notified the County and Sheriff that it was opening an investigation under CRIPA, 42 U.S.C. § 1997, to determine whether the conditions in the Jails violate the constitutional rights of its prisoners.

17.    In September 1997, the Department of Justice issued a findings letter alleging that mental health care at the Jails violated prisoners' constitutional rights.  The letter further alleged that systemic deficiencies contributed to the violations, including inadequate:  (1) intake screening and evaluation, (2) diagnosis, (3) referral to mental health professionals, (4) treatment plans, (5) administration of medications, (6) suicide prevention, (7) tracking and medical record keeping, (8) staffing, (9) communication, and (10) quality assurance.

18.    In December 2002, following extensive negotiations and additional site visits, the Parties entered into a Memorandum of Agreement ("MOA") that outlined a series of reforms to ensure that adequate and reasonable mental health care services are provided at the Jails.  The MOA also included measures to protect prisoners with mental illness from abuse and mistreatment.

19.    Under the MOA, the County and the Sheriff have made significant

---

[1]    This Complaint refers to all individuals housed in the Jails, including pre-trial detainees and individuals who have been convicted of a criminal offense, as "prisoners."

4

improvements to the delivery of mental health care at the Jails, including implementing electronic medical records, increasing mental health staffing, and developing roving evaluation teams composed of mental health professionals and specially-trained custody staff. Despite considerable progress, systemic deficiencies remain related to suicide prevention and mental health care that violate prisoners' constitutional rights. The Department of Justice notified the County and the Sheriff of these conclusions in a letter dated June 4, 2014, following on-site evaluations with expert consultants.

20.   In September 2013, the Department of Justice opened a separate investigation of the Jails under CRIPA and 42 U.S.C. § 14141 ("Section 14141") to address allegations of use of excessive force against all prisoners at the Jails, not just prisoners with mental illness.

21.   As a result of these investigations, the United States alleges:

22.   Defendants have repeatedly failed to take reasonable measures to protect prisoners against the serious harm from suicide and self-harm due to, but not limited to: (1) inadequate suicide prevention measures; (2) lack of appropriate screening by custody and mental health staff to assess suicide risk; (3) lack of appropriate supervision, observation, and monitoring of prisoners, including those identified as at risk of suicide; (4) inadequate communication between mental health care and custody staff; (5) lack of appropriate multi-disciplinary treatment plans; and (6) an inadequate suicide or critical incident review process.

23.   Defendants have repeatedly failed to provide adequate mental health services, including psychological and psychiatric services, to prisoners with serious psychiatric needs that are known or obvious due to, but not limited to, insufficient and inadequate:  (1) in-patient care for those in need; (2) crisis intervention; (3) therapy, clinical contacts, and group programming; (4) treatment and referrals for prisoners in general population; (5) medication administration practices, including treatment to prisoners refusing medication; and (6) discharge planning.

24.   Defendants have maintained a physical environment at the Jails that causes

5

1    harm and poses an unreasonable risk of serious harm to prisoners' health and safety by

2    failing to correct facility housing and maintenance problems in addition to inadequate

3    housekeeping and sanitation that causes harm or poses a risk of harm to the prisoners and

4    staff within the facility.

5         25.    Defendants, through their acts or omissions, have engaged in a pattern or

6    practice of conduct by Sheriff's Department custody staff of using excessive force

7    against prisoners in the Jails. The use of excessive force includes, but is not limited to:

8         a.    use of force disproportionate to the amount of resistance encountered,

9                   including use of force against unresisting or handcuffed prisoners;

10        b.    use of force to punish or retaliate against prisoners; and

11        c.    failure to attempt to de-escalate potential force incidents.

12       26.    Defendants, through their acts or omissions, have engaged in a pattern or

13    practice of systemic deficiencies that resulted in the pattern or practice by Sheriff's

14    Department custody staff of uses of excessive force, described in paragraph 25, above.

15    These systemic deficiencies include, but are not limited to:

16        a.    failure to implement and enforce policies, procedures, and practices

17                   regarding use of force that appropriately guide and monitor the

18                   actions of individual Sheriff's Department custody staff;

19        b.    failure to train and supervise adequately Sheriff's Department

20                   custody staff to prevent the occurrence of misconduct;

21        c.    deficient use of force reporting and review;

22        d.    failure to investigate adequately incidents in which Sheriff's

23                   Department custody staff uses force;

24        e.    failure to discipline adequately Sheriff's Department custody staff

25                   who engage in misconduct or to monitor adequately Sheriff's

26                   Department custody staff who engage in or may be likely to engage

27                   in misconduct;

28        f.    inadequate video surveillance; and

g.     failure to implement policies and procedures whereby complaints and other allegations of deputy misconduct are adequately received and investigated.

27.    Defendants have repeatedly failed to take reasonable measures to prevent staff from inflicting serious harm on prisoners, even in the face of the obvious and substantial risk that staff will inflict such harm and the multiple occasions on which Jails staff have in fact inflicted such harm.

28.    The factual allegations set forth in paragraphs 12 through 27 have been known to Defendants for a substantial period of time, yet Defendants have failed to adequately address the conditions described.

## VIOLATIONS ALLEGED

29.    The allegations of Paragraphs 1 through 28 are hereby re-alleged and incorporated by reference.

30.    Through the acts and omissions alleged in paragraphs 21 through 27, Defendants have violated the rights, privileges, and immunities of persons confined in the Jails secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

31.    Through the acts and omissions alleged in paragraphs 21 through 27, Defendants have engaged in a pattern or practice of conduct that deprives persons confined in the Jails of rights, privileges, or immunities secured or protected by the Constitution (including the Eighth and Fourteenth Amendments) or the laws of the United States, in violation of 42 U.S.C. § 14141.

32.    Unless restrained by this Court, Defendants will continue to engage and/or will revert to engaging in the acts and omissions, set forth in paragraphs 21 through 27, that deprive persons confined in the Jails of rights, privileges, or immunities secured or protected by the Constitution of the United States and cause them irreparable harm.

## PRAYER FOR RELIEF

33.    The Attorney General is authorized under 42 U.S.C. § 1997 et seq. and §

7

1  14141 to seek equitable and declaratory relief.

2        WHEREFORE, Plaintiff United States prays that the Court enter an order

3  permanently enjoining Defendants, their officers, agents, employees, subordinates,

4  successors in office, and all those acting in concert or participation with them from

5  continuing the acts, omissions, and practices set forth in paragraphs 20 through, and that

6  this Court require Defendants to take such actions as will ensure lawful conditions of

7  confinement are afforded to prisoners at the Jails.  The United States further prays that

8  this Court grant such other and further equitable relief as it may deem just and proper.

9  //

10  DATED: _July 30, 2015_            Respectfully submitted,

11

12  FOR THE UNITED STATES:

13

14                                  LORETTA E. LYNCH
                                Attorney General

15

16

17

18

19

20

21

22

23

24

25

26  EILEEN DECKER
United States Attorney
27  Central District of California
LEON W. WEIDMAN
28  Assistant United States Attorney

                            MARK J. KAPPELHOFF
                            Deputy Assistant Attorney General
                            Civil Rights Division

Chief, Civil Division

ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Assistant Division Chief
Civil Rights Unit Chief, Civil Division


JOANNA HULL
Assistant United States Attorney
          U.S. Attorney's Office for the

          Central District of California
300 North Los Angeles Street, Suite 7516
Los Angeles, California 90012

JUDITH C. PRESTON (by SRJ)
Acting Chief, Special Litigation Section
          Civil Rights Division


LAURA COON
Deputy Chief
LUIS E. SAUCEDO
Counselor to the Chief
CATHLEEN S. TRAINOR
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW, PHB 5026
Washington, D.C.  20530

9