PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JUSTIN W. CLARK, State Bar No. 235477
jclark@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles and Los Angeles County Sheriff
Jim McDonnell, in his official capacity only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF JIM McDONNELL, in his official capacity,<br><br>    Defendants. | Case No. CV 15-05903 DDP (JEMx)<br><br>Honorable Dean D. Pregerson<br><br>**STATUS REPORT BY DEFENDANT COUNTY OF LOS ANGELES TO THE COURT RE CONFLICT ISSUES**<br><br>Further Status Conference:<br>Date: October 9, 2015<br>Time: 10:00 a.m.<br>Crtm: 3 |

TO THE HONORABLE COURT, ALL PARTIES, PETITIONERS, AND THEIR COUNSEL OF RECORD:

On October 1, 2015, the Court held a status conference on Petitioners Teresa Powers, David Penn, Timothy Polk, Mark Sarni, Derrick Thomas, Darsel Whitfield, Royal Williams, and Lepriest Valentine's (collectively "Petitioners") Motion to Intervene in this matter (Docket No. 17) ("the Motion"). At the conclusion of the status conference, the Court set a further status conference for October 9, 2015, at which the Court and the parties would further discuss issues

1


regarding potential conflicts that were identified at the initial status conference, as well as a revised briefing and hearing schedule, if necessary, on the Motion. In advance of the further status conference, Defendant County of Los Angeles ("County") wanted to apprise the Court, the parties, and the Petitioners of its position as to these issues.

In light of the disclosures by the Court and counsel for the Petitioners at the October 1 status conference, in a good faith effort to reach a resolution of the very limited issue raised by the Petitioners, the County does not object, and will agree, to proceed before the Honorable Judge Dean D. Pregerson. To that end, the County agrees to work in good faith with Plaintiff the United States of America ("United States") to modify Paragraph 34 of the Settlement Agreement, as expressly allowed by the Agreement, prior to the date of implementation of the subject paragraph.

However, because of a potential conflict of interest and the appearance of impropriety, the County objects to the involvement of Munger, Tolles & Olson, LLP ("the Munger firm") as counsel for Petitioners in this matter.

First, and most importantly, a potential conflict of interest exists with respect to the Munger firm given its prior legal representation of the County. Specifically, the County retained the Munger firm to provide legal services to the County's Citizens' Commission on Jail Violence ("CCJV"), a body which was created by the County to investigate accusations involving the jail and its treatment of inmates, including inmates with mental health issues, the very subject of this action. Not only did the Munger firm provide the County with

///
///
///
///
///

2

ROSAS\U.S.A. v. COLA\County's Response to Conflict Issues

legal services as part of the CCJV, but it also provided office space and storage for the Sheriff's Department's confidential jail records used by the Commission.[1]

As this Court knows, the CCJV investigation and the subsequent related *Rosas* litigation both addressed issues relevant to the treatment of mentally disabled inmates in the jails, which is the same subject as the instant action. In fact, the Third Finding of the CCJV was an acknowledgement of the Civil Rights of Institutionalized Persons Act ("CRIPA") investigation by the United States that lead to the instant Settlement Agreement. *See*, Report p. 27-28 (containing extensive discussion of the investigation). Similarly, the CCJV Report discusses in depth the treatment of, training about, and provision of services to the mentally ill in the jails. *See*, Report p. 9 (Introduction), p. 24 (Chapter 2: A History of Recommended Reforms—Findings), p. 26 (discussing mental health treatment resources), p. 51 (discussing special populations in the jails, including the mentally ill); p. 59 (discussing jail training specific to the mentally ill), pp. 124 and 136 (discussing increased training for jail staff working with the mentally ill); and p. 131 (discussing the assignment of certain jail staff to housing areas for the mentally ill). Furthermore, much of the information gathered and assessed by the CCJV and its counsel, including massive amounts of documents from the Sheriff's Department and communications with its employees, involved treatment of jail inmates with mental illness. *See e.g.*, CCJV Meeting Minutes dated March 2, 2012, April 16, 2012, July 16, 2012, and August 3, 2012.

Thus, during the course of its legal representation of the County's CCJV, the Munger firm obtained, reviewed, and used confidential information from the Sheriff's Department about issues (i.e., jail mental health) that are directly

---

[1] The introductory section of the CCJV report states, "We would like to express our thanks to Munger, Tolles & Olsen LLP and staff for hosting and housing the Commission and its staff."

implicated in the instant matter. Therefore, it may not in this matter represent parties whose interests are adverse to the County.

Second, as the County was first advised at the October 1 status conference, one of the Court's law clerks was employed by the Munger firm during the events that led to the Settlement Agreement that is the subject of the instant action. Moreover, this same law clerk was directly supervised by Munger firm attorney Grant Davis-Denny. Furthermore, the Munger firm has a job offer pending to the Court's law clerk. Any one, and certainly all, of these circumstances creates the appearance of impropriety, and cautions against the Munger firm acting as counsel of record for any party in this proceeding.

Accordingly, the County respectfully requests that the Munger firm excuse itself from any further representation of the Petitioners in this matter, and that thereafter the Court assist the United States and the County, to the extent requested, in addressing the Petitioners' legitimate concerns. Of course, if the Munger firm will not withdraw, then the County shall have to bring formal law and motion proceedings, which the County would like to avoid, and which will only needlessly delay and complicate these proceedings.

Assuming the withdrawal of the Munger firm as discussed above, with respect to the possible informal resolution of this matter, on Friday October 2, 2015, counsel for the County sent correspondence to Public Counsel, counsel for Petitioners, a true and correct copy of which is attached hereto as Exhibit "A." In short, the Petitioners have been asked for their proposed changes to Paragraph 34 of the Parties' Settlement Agreement.[2] The Parties have engaged and will continue to engage in discussions between themselves to modify Paragraph 34

---

[2] Of course, by extending to Petitioners the professional courtesy of seeking their input, the County is not conceding or waiving in any respect its contention that Petitioners are not entitled to intervene in this matter or any argument in opposition to their Motion, should the Motion need to be decided by the Court.

4

ROSAS\U.S.A. v. COLA\County's Response to Conflict Issues

and wanted to invite Petitioners to share with them their views to inform the Parties' discussions. The Parties expect to agree to a modified Paragraph 34, in accordance with their Agreement, in advance of the January 1, 2016 date of implementation of Paragraph 34 of the Settlement Agreement.

Dated: October 8, 2015              LAWRENCE BEACH ALLEN & CHOI, PC


                                    By _____/s/ Paul B. Beach_____
                                         Paul B. Beach
                                         Attorneys for Defendants County of
                                         Los Angeles and Los Angeles
                                         County Sheriff Jim McDonnell, in
                                         his official capacity only

# LAWRENCE BEACH ALLEN & CHOI · PC

ATTORNEYS AT LAW

www.lawrencebeach.com

100 West Broadway, Suite 1200
Glendale, California 91210
T 818-545-1925
F 818-545-1937

Orange County
2677 N. Main Street, Suite 370
Santa Ana, California 92705
T 714-479-0180
F 714-479-0181

October 2, 2015

VIA EMAIL

Mark Rosenbaum
Public Counsel Law Center
610 S. Ardmore Avenue
Los Angeles, California 90005

Re: *United States of America v. County of Los Angeles, et al.,*
U.S.D.C. No. CV 15-05903 DDP (JEM)

Dear Mr. Rosenbaum:

The purpose of this letter is to follow up on yesterday's Status Conference with Judge Pregerson. Yesterday, you represented to the Court that the Petitioners' sole concern with respect to the Settlement Agreement between the United States of America ("United States") and the County of Los Angeles ("County") was the language of Paragraph 34 since, facially, it purportedly violates the Americans with Disabilities Act ("ADA"). As you know, the United States and the County are in the process of discussing potential modifications to the subject paragraph to address the concerns raised by Petitioners. To inform the parties' conversation, at your earliest convenience, please provide counsel for the parties your specific proposed edits to Paragraph 34.

We are sure that you share the parties' desire to resolve this limited issue quickly and efficiently. Thank you in advance for your anticipated cooperation with respect to this matter.

Very truly yours,

LAWRENCE BEACH ALLEN & CHOI, PC

Paul B. Beach

cc: Robyn-Marie Lyon Monteleone (via email)

EXHIBIT A