BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
GRANT A. DAVIS-DENNY (State Bar No. 229335)
grant.davis-denny@mto.com
EMILY R.D. MURPHY (State Bar No. 291022)
emily.murphy@mto.com
THOMAS P. CLANCY (State Bar No. 295195)
thomas.clancy@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

MARK D. ROSENBAUM (SBN 59940)
mrosenbaum@publiccounsel.org
GARY BLASI (SBN 70190)
gblasi@publiccounsel.org
ANNE RICHARDSON (SBN 151541)
arichardson@publiccounsel.org
ADELAIDE ANDERSON (SBN 270966)
aanderson@publiccounsel.org
ALISA HARTZ (SBN 285141)
ahartz@publiccounsel.org
PUBLIC COUNSEL LAW CENTER
610 S. Ardmore Avenue
Los Angeles, California 90005
Telephone:   (213) 385-2977
Facsimile:   (213) 385-9089

Attorneys for Plaintiff-Intervenors

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF JIM MCDONNELL, in his Official Capacity,<br><br>Defendants.<br><hr>TERESA POWERS, DAVID PENN, TIMOTHY POLK, MARK SARNI, DERRICK THOMAS, DARSEL WHITFIELD, ROYAL WILLIAMS, AND LEPRIEST VALENTINE,<br><br>Plaintiff-Intervenors. | Case No. 15-cv-05903<br><br>**JOINT 26(f) Report**<br><br>Judge:  Hon. Dean D. Pregerson |

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the above-captioned parties met and conferred on February 23, 2016, and hereby submit this Joint Rule 26(f) Report.

I.   **STATEMENT OF THE CASE**

On August 5, 2015, Plaintiff United States of America filed a complaint against Defendants County of Los Angeles and Los Angeles County Sheriff Jim McDonnell, alleging that Defendants had violated the rights of mentally ill prisoners held in the County jails in many ways, including by providing inadequate discharge planning to the mentally disabled prisoners being released from jail.  ECF Doc. 1 at ¶ 23.  That same day, the United States and Defendants filed a settlement agreement (the "Settlement"), ECF Doc. 4-1, and a Joint Stipulation and Proposed Order seeking the Court's approval of the Settlement.  ECF Doc. 4.  The Court approved the Settlement on September 3, 2015.  ECF Docs. 13, 14.  The Settlement contained a single paragraph—Paragraph 34—concerning discharge planning requirements for prisoners in Los Angeles County jails with mental disabilities.  Plaintiff-Intervenors Teresa Powers, David Penn, Timothy Polk, Mark Sarni, Derrick Thomas, Darsel Whitfield, Royal Williams, and Lepriest Valentine ("Plaintiff-Intervenors"), moved to intervene, and were granted permission by the Court to intervene as of right on December 15, 2015.  ECF Doc. 75.

On January 14, 2016, Plaintiff-Intervenors filed the First Amended Complaint in Intervention, ECF Doc. 76.[1]  In that document, Plaintiff-Intervenors allege that Paragraph 34 of the Settlement violates their rights under the Americans with Disabilities Act (the "ADA"), section 504 of the Rehabilitation Act ("RA"), and the Eighth and Fourteenth Amendments to the Constitution of the United States.  Specifically, Plaintiff-Intervenors allege that Paragraph 34 violates the ADA by excluding individuals with certain mental disabilities, namely, individuals with

---

[1] Plaintiff-Intervenors' First Amended Complaint In Intervention was initially lodged with the Court under the title [First Amended Proposed] Complaint In Intervention, ECF Doc. 37.

certain personality disorders, substance abuse and dependence disorders, dementia, and developmental disabilities; providing only discharge information, and not full discharge planning, to individuals with mental disabilities who have been in County jail seven days or fewer, regardless of their need; denying disabled persons meaningful access to public services and benefits by basing its discharge planning system on referrals that they have no realistic hope of following to services, which may not in fact be available; and by funneling certain individuals to restrictive institutional settings in violation of the integration mandate of the ADA. Plaintiff-Intervenors also allege that Paragraph 34 violates the Eighth and Fourteenth Amendments to the Constitution because the policies provided for demonstrate a deliberate indifference to the serious medical needs of Plaintiff-Intervenors and other incarcerated individuals with mental disabilities.

## II.   SUBJECT MATTER JURISDICTION

### Plaintiff-Intervenors' Position

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint and First Amended Complaint in Intervention allege causes of action that arise under the laws of the United States, including the ADA, the Rehabilitation Act, and the United States Constitution. Plaintiff-Intervenors have Article III standing, as the Court has already confirmed. ECF Doc. 75 at 8 n.4.

### Defendants' Position

Defendants contend that the Plaintiff-Intervenors do not have standing to prosecute this case and that this matter is not ripe for determination. These threshold jurisdictional issues should be resolved before the Court proceeds.

## III.   LEGAL ISSUES

### Plaintiff's Position

Plaintiff maintains that the legal issues in this case are simpler than Plaintiff-Intervenors describe below and directs the Court to Plaintiff-Intervenors' statement of the legal issues as reflected in their First Amended Complaint in Intervention:

1.      Do the discharge provisions of Paragraph 34 violate the Americans with Disabilities Act by:

      a.      Facially discriminating against people with certain mental disabilities by limiting the class of individuals eligible for discharge planning to those with serious mental illness as defined in the Settlement?

      b.      Facially discriminating against individuals based on length of stay in the Jails?

      c.      Denying disabled persons meaningful access to public services and benefits by providing prisoners with a prescription for medication and a referral to community services upon their release?

      d.      Violating the integration mandate of the ADA by providing direct linkage to institutional service providers to persons with intense needs for assistance?

2.      Do the discharge provisions in Paragraph 34 constitute a deliberate indifference to prisoners' serious medical needs in violation of the Eighth and Fourteenth Amendments to the Constitution?

**Plaintiff-Intervenors' Position**

The primary legal issues in this action are  (1) whether Plaintiff-Intervenors have been denied and under the Settlement will continue to be denied the benefit of the County's discharge planning and services by reason of their disability; (2) whether the discharge planning services offered by the Defendants under the Settlement can be meaningfully accessed by Plaintiff-Intervenors; (3) whether Defendants' entry into and implementation of the Settlement violates the rights of Plaintiff-Intervenors  under Title II of the ADA and its implementing regulations by

(a) providing different or separate services to a certain class of individuals with disabilities than are provided to others, (b) using criteria or methods of administration that subject qualified individuals with disabilities to discrimination, (c) failing to make reasonable modifications to their policies, practice, and procedures to connect released prisoners with medication and services, and/or (d) placing certain disabled individuals in non-integrated environments; (4) whether there are effective reasonable accommodations that Defendants could implement by modifying the Settlement that would provide Plaintiff-Intervenors meaningful access to post-discharge benefits and services; (5) whether in adopting Paragraph 34 Defendants have acted with deliberate indifference to the serious medical needs of Plaintiff-Intervenors, in violation of their rights under the Eighth and Fourteenth Amendments of the United States Constitution; (6) whether Defendants' systemic failure to provide adequate discharge planning through the adoption of Paragraph 34 constitutes a substantial departure from accepted professional standards for mental health and medical care; and (7) whether the harm to Plaintiff-Intervenors resulting from the lack of discharge planning significantly outweighs any government interest in denying them these services.

The legal issues in this case are framed by the pleadings, so the foregoing list is not comprehensive.

**Defendants' Position**

Defendants challenge the standing of Plaintiff-Intervenors, who at the time of filing were not in custody and not facing discharge, to bring this case. Defendants contend that Paragraph 34 of the Agreement signed by the United States and the County and approved by this Court, does not violate the ADA, the Rehabilitation Act, or the US Constitution. The terms of Paragraph 34 have never, and may never, apply to these Plaintiff-Intervenors. Jurisdiction, and Plaintiff-Intervenor's standing and claims, are best addressed by motions. Discovery should be stayed until those motions are ruled on.

## IV.   PARTIES AND EVIDENCE

### A.  The Parties

**Plaintiff:**  United States of America

**Plaintiff-Intervenors:**  Teresa Powers, David Penn, Timothy Polk, Mark Sarni, Derrick Thomas, Darsel Whitfield, Royal Williams and Lepriest Valentine.

**Defendants:** County of Los Angeles and Los Angeles County Sheriff Jim McDonnell, in his official capacity.

### B. Percipient Witnesses

**Plaintiff-Intervenors' Position**

Plaintiff-Intervenors currently anticipate the following to be percipient witnesses: Plaintiff-Intervenors; individuals within the County and the United States and third parties knowledgeable about individuals with mental disabilities who may be unable to benefit from Defendants' discharge planning policies and practices and from Paragraph 34; individuals within the County and the United States knowledgeable about the County's current discharge planning policies and Paragraph 34; individuals within the County and the United States and third parties knowledgeable about best practices in discharge planning for prisoners with mental disability; and individuals within the County and the United States knowledgeable about the content, drafting, and negotiation of Paragraph 34.

Because discovery has only just begun, the foregoing list is not comprehensive.

**Defendants' Position**

As framed by the pleadings this is a dispute over whether the language of Paragraph 34 of the approved Agreement violates the law. This is a question of law that does not require depositions or fact discovery. The paragraph stands on its own and there is no relevant discovery related to the paragraph. The County believes that the negotiations that led to this Settlement are privileged and protected.

### C. Key Documents

**Plaintiff's Position**

Plaintiff anticipates that the key documents will include the settlement agreement and any policies and training documents developed in response to paragraph 34 of the settlement agreement.

**Plaintiff-Intervenors' Position**

Plaintiff-Intervenors currently anticipate the following to be key documents: documents relating to Defendants' current discharge policies, including staff training; documents provided to released prisoners; documents concerning best practices in discharge policies; documented discharge services provided to Plaintiff-Intervenors; documents concerning the basis for excluding certain categories of mental disability from the discharge planning provision of the Settlement; documents concerning Paragraph 34, its drafting, and its negotiation.

Because discovery has only just begun, the foregoing list is not comprehensive.

**Defendants' Position**

Since the issue framed by the Plaintiff-Intervenors is whether the language of Paragraph 34 violates the law, there are no relevant documents beyond the Agreement.

**V.     DAMAGES**

Plaintiff-Intervenors do not seek damages in this action.  Plaintiff-Intervenors reserve their rights to seek attorney's fees and expenses.

**VI.     INSURANCE**

**Plaintiff-Intervenors** and **Defendants** and **Plaintiff** are not covered by insurance for purposes of this action.

**VII.     MOTIONS**

**Plaintiff-Intervenors** may seek leave to amend their complaint and may, at an appropriate time, move for summary judgment as to some or all of their claims, after the necessary discovery has been taken.

**Defendants** have let the Plaintiff-Intervenors know that they intend to bring a motion for judgment on the pleadings and the basis of that motion. Defendants have suggested that the parties file cross motions to address the claim that Paragraph 34 violates the law.

## VIII.  MANUAL FOR COMPLEX LITIGATION

The Parties do not believe that the Manual for Complex Litigation should be used in this action.

## IX.  STATUS OF DISCOVERY

Plaintiff-Intervenors have served initial requests for production on the United States and Defendants.  Plaintiff-Intervenors have also served a deposition notice on the County.

### Plaintiff-Intervenors' Position

Plaintiff-Intervenors do not believe that discovery should be stayed pending a motion for judgment on the pleadings, which has not yet been filed. Defendants have been in possession of Plaintiff-Intervenors' proposed revisions to Paragraph 34, which they requested, since October 9, 2015, and have not offered any response.  Defendants answered the First Amended Complaint in Intervention on February 1, 2016, without filing a motion to dismiss at that time, although they had indicated that they were planning to do so.  Plaintiff-Intervenors need discovery in order to protect their interests and advance the case.

### Defendants' Position

Defendants believe that discovery should be stayed pending motion(s) for judgment on the pleadings.

## X.  DISCOVERY PLAN

The Parties propose the following discovery plan in accordance with Rule 26(f):

**Rule 26(f)(3)(A):**  The Parties will make their respective initial disclosures on or before March 8, <u>2016</u>.  The Parties do not believe that any changes should be made in the timing, form, or requirements of Rule 26(a) disclosures.

**Rule 26(f)(3)(B):**

At this time the Parties do not believe that discovery should be conducted in phases or be otherwise limited.

**<u>Plaintiff's Position</u>**

The subjects of discovery will include: discharge policies and staff training developed to comply with paragraph 34 of the agreement.

**<u>Plaintiff Intervenors' Position</u>**

The subjects of discovery will include, among other things: the County's current discharge policies, including staff training, documentation provided to released prisoners; best practices in discharge policies; the documented discharge services provided to Plaintiff-Intervenors by the County; the basis for excluding certain categories of mental disabilities from discharge planning provision of settlement agreement; documents concerning Paragraph 34 and its drafting.  This list is non-exhaustive given that the case is still in its early stages.

**<u>Defendants' Position</u>**

At this time the Defendants do not believe that discovery should be conducted in phases or be otherwise limited.

**Rule 26(f)(3)(C):** The Parties will negotiate and intend to stipulate to a discovery plan that accounts for the disclosure, discovery, and preservation of electronically stored information ("ESI"), including the form in which it will be produced.

**Rule 26(f)(3)(D):**  At this time, the Parties are not aware of any issues relating to claims of privilege or of protection of trial-preparation material that have not been previously raised.  Issues that the United States and Defendants have raised

previously include work product and settlement communications. The Parties agree to address any additional issues in good faith as they arise.

**Rule 26(f)(3)(E):**   The Parties agree that there should be no changes to the limitations on discovery, but all reserve the right to seek additional discovery.

**Rule 26(f)(3)(F):**   The Parties anticipate that they may  request that the Court enter a protective order in this matter pursuant to Rule 26(c).  The Parties do not request that the Court enter other orders at this time, though they may do so in the future.

### Defendants' Position

This is a dispute over whether the language of Paragraph 34 of the approved Agreement violates the law. This is a question of law that does not require depositions or fact discovery. There is no relevant discovery related to the Agreement. The County believes that the negotiations that led to this Settlement are privileged and protected.

## XI.   SUMMARY OF PROPOSED CASE MANAGEMENT DATES

|  | Plaintiff-Intervenors | Plaintiff | Defendants |
|---|---|---|---|
| **Last date to amend complaint or add parties** | March 15, 2016 |  | March 15, 2016 |
| **Fact discovery cut-off** | July 1, 2016 |  |  |
| **Expert reports due** | August 1, 2016 |  |  |
| **Rebuttal expert reports due** | August 22, 2016 |  |  |
| **Expert discovery cut-off** | October 1, 2016 |  |  |

| | | | |
|---|---|---|---|
| **Dispositive motion cut-off** | October 24, 2016 | | |
| **Hearing on dispositive motions** | December 5, 2016 | | |
| **Trial** | January or February 2017 | | |

## XII.  FACT DISCOVERY CUT-OFF

Plaintiff-Intervenors propose a fact discovery cut-off date of July 1, 2016.

## XIII.  EXPERT DISCOVERY

Plaintiff-Intervenors propose the following dates for expert discovery cut-off:

Expert Reports Due:　　　　　August 1, 2016

Rebuttal Expert Reports Due:　August 22, 2016

Expert Discovery Cut-Off:　　October 1, 2016

## XIV.  DISPOSITIVE MOTIONS

**Plaintiff** does not anticipate filing any dispositive motions at this time, but reserves the right to do so in the future, and to respond to any such motions filed.

**Plaintiff-Intervenors** may file a motion or motions for summary judgment or summary adjudication with respect to some or all of the following claims or issues: (1) whether Plaintiff-Intervenors have been denied and under the Settlement will be denied the benefit of the County's discharge planning and services by reason of their disability; (2) whether the discharge planning services offered by the Defendants under the Settlement reasonably accommodate Plaintiff-Intervenors' disabilities; (3) whether Defendants' entry into and implementation of the Settlement violates the rights of Plaintiff-Intervenors by providing different or separate services to a certain class of individuals with disabilities than are provided to others, using criteria or methods of administration that subject qualified individuals with disabilities to

discrimination, failing to make reasonable modifications to their policies, practice, and procedures to connect released prisoners with medication and services, and/or placing certain disabled individuals in non-integrated environments; (4) whether there are effective reasonable accommodations that Defendants could implement by modifying the Settlement that would provide Plaintiff-Intervenors meaningful access to post-discharge benefits and services; (5) whether in adopting Paragraph 34 Defendants have acted with deliberate indifference to the serious medical needs of Plaintiff-Intervenors, in violation of their rights under the Eighth and Fourteenth Amendments of the United States Constitution; (6) whether Defendants' systemic failure to provide adequate discharge planning through the adoption of Paragraph 34 constitutes a substantial departure from accepted professional standards for mental health and medical care; and (7) whether the harm to Plaintiff-Intervenors resulting from the lack of discharge planning significantly outweighs any government interest in denying them these services.

Plaintiff-Intervenors propose a dispositive motion cut-off date of October 24, 2016.

**Defendants'** contend that the language of Paragraph 34 of the Agreement signed by the United States and the County and approved by this Court, does not violate the ADA, the Rehabilitation Act, or the US Constitution. Defendants also challenge the standing of Plaintiff-Intervenors, and the ripeness of their claim. These are questions of law on which there are no disputed facts, and that do not require depositions or fact discovery. These legal questions are ripe for determination now.

## XV.   SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION

**Plaintiff** would elect to proceed before a magistrate or a private mediator stipulated to by the Parties.

2:15-cv-05903-DDP-JEM   Document 82   Filed 03/08/16   Page 13 of 16   Page ID #:1890

**Plaintiff-Intervenors** select ADR Procedure No. 1 in L.R. 16-15.4 (appearing before the district judge assigned to the case for such settlement proceedings as the judge may conduct or direct).

**Defendants** do not agree that the District Judge assigned to this case should serve as the settlement judge. Defendants select proceeding before a magistrate judge other than the assigned magistrate or before a third party under No. 1 or No. 3 of L.R. 16- 15.

## XVI.  TRIAL ESTIMATE

**Plaintiff-Intervenors** and **Defendants** believe their claims should be tried to the Court and estimate that the trial will take 4 to 5 court days.

## XVII. TRIAL COUNSEL

**Trial counsel for Plaintiff:**  Robyn-Marie Lyon Monteleone, Geoffrey Wilson, Laura Coon, Regan Rush, Cathleen Trainor, Luis Saucedo, Deena Fox.

**Trial counsel for Plaintiff-Intervenors:** Bradley Phillips, Mark Rosenbaum, Alisa Hartz, Grant Davis-Denny.

**Trial counsel for the Defendants**: Gregory Hurley, Mike Chilleen and Rodrigo A. Castro-Silva.


Dated:  March 8, 2016

Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUNGER, TOLLES & OLSON LLP
    BRADLEY S. PHILLIPS
    GRANT A. DAVIS-DENNY
    EMILY R.D. MURPHY
    THOMAS P. CLANCY


By:     /s/
    GRANT A. DAVIS-DENNY
Attorneys for Plaintiff-Intervenors



By:     /s/
    EMILY R.D. MURPHY
Attorneys for Plaintiff-Intervenors



PUBLIC COUNSEL

    MARK ROSENBAUM
    GARY BLASI
    ANNE RICHARDSON
    ADELAIDE ANDERSON
    ALISA HARTZ


By:     /s/
    MARK ROSENBAUM
Attorneys for Plaintiff-Intervenors



By:     /s/
    ALISA HARTZ
Attorneys for Plaintiff-Intervenors

13

THE UNITED STATES OF AMERICA

EILEEN M. DECKER
United States Attorney
Central District of California

DOROTHY SCHOUTEN
Assistant United States Attorney
Chief, Civil Division Civil Rights Division

ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section, Civil Division

GEOFFREY D. WILSON
Assistant United States Attorney

By:  /s/ (with permission)

ROBYN-MARIE LYON MONTELEONE

By:  /s/ (with permission)
GEOFFREY D. WILSON
Attorneys for Plaintiff United States

EVE Hill
Deputy Assistant Attorney General
Civil Rights Division

ROBERT MOOSSY
Deputy Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Special Litigation Section

1

2          LAURA L. COON
            Special Counsel
3

4          LUIS E. SAUCEDO
            Counselor to the Chief
5          DEENA FOX
            CATHLEEN S. TRAINOR
6          Senior Trial Attorney

7

8

9    By: /s/ (with permission)_____

10   LAURA L. COON
     Special Counsel
11   Attorneys for Plaintiff United States

12

13   By: /s/ (with permission)_____
     CATHLEEN S. TRAINOR
14   Attorneys for Plaintiff United States

15

16

17

18          SHEPPARD, MULLIN, RICHTER &
19               HAMPTON LLP

20

21   By: /s/ (with permission)_____
22   GREGORY F. HURLEY
     Attorneys for Defendants,
23   COUNTY OF LOS ANGELES
     AND LOS ANGELES COUNTY SHERIFF
24   JIM MCDONNELL

25

26

27

28