ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
STEVEN H. ROSENBAUM, Chief
LAURA L. COWALL, Special Counsel
LUIS E. SAUCEDO, Counselor to the Chief
CATHLEEN S. TRAINOR, Trial Attorney
DEENA FOX, Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
    950 Pennsylvania Avenue, N.W.
    Washington, D.C.  20530
    Telephone:  (202) 514-6255
    Email:  laura.cowall@usdoj.gov; luis.e.saucedo@usdoj.gov

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (Cal. Bar No. 304828)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805
    Facsimile: (213) 894-7819
    E-mail: matthew.nickell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

HOA.102388108.1

1

1

UNITED STATES DISTRICT COURT

2

FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

WESTERN DIVISION

| | |
|---|---|
| 4   UNITED STATES OF AMERICA, | Case No. 2:15-cv-5903-DDP-JEM |
| 5           Plaintiff, | |
| 6           v. | **JOINT STIPULATION TO AMEND** |
| 7   COUNTY OF LOS ANGELES AND | **PARAGRAPH 34 OF THE JOINT** |
|     LOS ANGELES COUNTY SHERIFF | **SETTLEMENT AGREEMENT** |
| 8   JIM MCDONNELL, in his official | **REGARDING THE LOS ANGELES** |
|     capacity, | **COUNTY JAILS** |
| 9 | |
|           Defendants. | |
| 10 | |
| 11   TERESA POWERS, DAVID PENN, | COMPLAINT FILED:  August 5, 2015 |
|     TIMOTHY POLK, MARK SARNI, | TRIAL DATE:  None Set |
| 12   DERRICK THOMAS, DARSEL | |
|     WHITFIELD, ROYAL WILLIAMS, AND | |
| 13   LEPRIEST VALENTINE, | |
| 14           Plaintiff-Intervenors. | |

15

16         Plaintiff, United States of America, and Defendants, County of Los Angeles

17   ("County") and Los Angeles County Sheriff Jim McDonnell ("Sheriff"), in his official

18   capacity, (collectively, the "Parties"), with the concurrence of Plaintiff-Intervenors

19   ("Intervenors"), enter into this Joint Stipulation Amending Paragraph 34 of the Joint

20   Settlement Agreement Regarding the Los Angeles County Jails ("Joint Stipulation")

21   with respect to release planning for prisoners who are being released to the community

22   from Los Angeles County Jails.[1]

23     **I.**     **Background**

24         On August 5, 2015, the United States filed a Complaint against the County and the

25   Sheriff alleging systemic violations of prisoners' federal constitutional rights in the Jails,

26

27         [1] The Independent Monitor, Richard Drooyan, supports the Joint Stipulation and
    amendment of Paragraph 34.

28

HOA.102388108.1                   2

under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, and the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.  ECF Doc. 1.

Simultaneously with the filing of the Complaint, the Parties filed a joint stipulation seeking approval of the Joint Settlement Agreement Regarding the Los Angeles County Jails ("Settlement Agreement") to resolve the United States' Complaint. ECF Doc. 4.  On September 3, 2015, the Court approved the Settlement Agreement and retained jurisdiction to enforce the Settlement Agreement until the conditions described in Paragraph 116 of the Settlement Agreement were met.  ECF Doc. 13.  The Court also approved the appointment of Richard Drooyan as Independent Monitor under the Settlement Agreement.  Settlement Agreement ¶ 94, ECF Doc. 14.

Among the terms of the Settlement Agreement is Paragraph 34, which addresses discharge planning for prisoners with serious mental illness.  Paragraph 34 states:

34.    The County and the Sheriff will conduct discharge planning and linkage to community mental health providers and aftercare services for all prisoners with serious mental illness as follows:

(a)    For prisoners who are in Jail seven days or less, a preliminary treatment plan, including discharge information, will be developed.

(b)    For prisoners who are in Jail more than seven days, a [Qualified Mental Health Professional] will also make available:

(i)    for prisoners who are receiving psychotropic medications, a 30-day prescription for those medications will be offered either through the release planning process, through referral to a re-entry resource center, or through referral to an appropriate community provider, unless clinically contraindicated;

(ii)   in-person consultation to address housing, mental health/medical/substance abuse treatment, income/benefits establishment, and family/community/social supports. This

consultation will also identify specific action to be taken and identify individuals responsible for each action;

(iii) if the prisoner has an intense need for assistance, as described in [County Mental Health] policies, the prisoner will further be provided direct linkage to an Institution for Mental Disease ("IMD"), IMD-Step-down facility, or appropriately licensed hospital;

(iv) if the prisoner has a moderate need for assistance, as described in [County Mental Health] policies, and as clinically appropriate to the needs of the prisoner, the prisoner will be offered enrollment in Full Service Partnership or similar program, placement in an Adult Residential Facility ("Board and Care") or other residential treatment facility, and direct assistance accessing community resources;

(v) if the prisoner has minimal needs for assistance, as described in [County Mental Health] policies, the prisoner will be offered referrals to routine services as appropriate, such as General Relief, Social Security, community mental health clinics, substance abuse programs, and/or outpatient care/support groups.

(c) The County will provide a re-entry resource center with [Qualified Mental Health Professionals] available to all prisoners where they may obtain information about available mental health services and other community resources.

Settlement Agreement ¶ 34.

The Settlement Agreement permits the Parties to modify its terms by stipulation under Paragraph 119. Paragraph 119 states, in relevant part, "The Parties may jointly stipulate to make changes, modifications, and amendments to this Agreement, which will

HOA.102388108.1                                        4

1  be effective absent further action from the Court, 30 days after a stipulation signed by all
2  of the Parties has been filed with the Court."

3      On December 15, 2015, Intervenors intervened to challenge Paragraph 34 of the
4  Settlement Agreement. ECF Doc. 75. In their First Amended Complaint in
5  Intervention, Intervenors alleged that Paragraph 34 violates the Americans with
6  Disabilities Act, Section 504 of the Rehabilitation Act, and the Eighth and Fourteenth
7  Amendments of the United States Constitution. Am. Compl. In Intervention ¶¶ 94-121,
8  ECF Doc. 76.

9      The Parties and Intervenors subsequently engaged in good-faith negotiations to
10  settle the dispute arising from the Complaint in Intervention filed by Intervenors. The
11  Parties, with the concurrence of the Intervenors, now stipulate and agree as follows:

12  **II.    Stipulation to Modify Paragraph 34**

13      The Parties and Intervenors agree to modify Paragraph 34, pursuant to Paragraph
14  119 of the Settlement Agreement, to read as follows:

15  34.    Consistent with existing Correctional Health Services policy, the County
16          and the Sheriff will conduct clinically appropriate release planning for all
17          prisoners who are being released to the community and who have been
18          identified by a QMHP as having a mental illness and needing mental health
19          treatment, or as having a DSM-5 major neuro-cognitive disorder that caused
20          them to be housed in the Correctional Treatment Center at any time during
21          their current incarceration. For prisoners with mental illness and needing
22          mental health treatment, the release planning services will be guided by the
23          prisoner's level of care. Specifically, prisoners who any time during their
24          incarceration meet mental health level of P3 or P4 will be presumptively
25          referred for release planning services, and prisoners who meet mental health
26          level of care P2 will receive release planning services upon referral by a
27          clinician or upon their request. Prisoners who have a DSM-5 major neuro-
28          cognitive disorder that caused them to be housed in the Correctional

1    Treatment Center will also be referred for release planning services

2    consistent with the Correctional Health Services policy applying to

3    prisoners with mental illness.

4    (a)    Release planning will consider the need of the prisoner for housing;

5    transportation to the prisoner's community-based provider, residence, or

6    shelter within the County; bridge psychotropic medications; medical/mental

7    health/substance abuse services; income/benefits establishment; and

8    family/community/social supports ("Release Planning Areas").

9    (b)    Release planning will be based on an individualized assessment of the

10    prisoner's needs and, unless the prisoner is unable or unwilling to

11    participate, will be undertaken in collaboration with the prisoner.  For

12    prisoners referred for release planning services, those services will include:

13    (i)    An Initial Release Plan that will be created at intake or no later than

14    ten  days after the referral for release planning, which referral shall

15    normally occur at the time of intake.  The Initial Release Plan will include

16    preliminary identification of needs in each of the Release Planning Areas

17    and preliminary recommendations for services to address those needs, and a

18    referral for assistance in obtaining California identification when needed

19    and when the prisoner is eligible; and/or

20    (ii)    A Comprehensive Release Plan that will be initiated no later than

21    thirty days after the referral for release planning.  The Comprehensive

22    Release Plan will include (A) collecting information regarding the

23    prisoner's needs; (B) coordinating with community-based providers to

24    identify available services that meet the prisoner's needs; (C) facilitating the

25    transition of care to community-based providers; and (D) assisting in

26    obtaining identification and/or benefits when needed, when the prisoner is

27    eligible, and as offered by the Sheriff's Community Transition Unit.

28    (c)    The County will maintain a re-entry resource center with staff supervised by

a QMHP.  The re-entry resource center will:

(i)     Provide information appropriate to the released prisoner about available housing, transportation, medical/mental health/substance abuse services, income/benefits establishment, community/social supports, and other community resources; and

(ii)    Provide released prisoners with copies of their release plans, as available.

(d)    All prisoners who are receiving and continue to require psychotropic medications will be offered a clinically appropriate supply of those medications upon their release from incarceration.  Unless contraindicated, this will be presumed to be a 14-day supply or a supply with a prescription sufficient so that the prisoner has the psychotropic medication available during the period of time reasonably necessary to permit the prisoner to consult with a doctor and obtain a new supply.

(e)    Nothing in Paragraph 34 will require prisoners to accept or participate in any of the services provided under this Paragraph.

(f)     Neither the County nor the Sheriff shall be in violation of this paragraph if after reasonable efforts as set forth in Correctional Health Services Policy M380.01, Release Planners are unable to identify available post-release services.

**III. Remainder of Settlement Agreement**

Except as amended in this Joint Stipulation, the provisions of the Settlement Agreement shall remain unchanged and in full force and effect, and shall apply to Amended Paragraph 34.

STIPULATED AND AGREED UPON by the United States of America, the County, and the Sheriff – with the concurrence of the Intervenors by and through their respective counsel, and the endorsement of the Independent Monitor.

1   Dated: 4/4/12

2

3                                    FOR PLAINTIFF UNITED STATES OF
                                     AMERICA:
4

5                                    ERIC S. DREIBAND
                                     Assistant Attorney General
6                                    Civil Rights Division

7                                    STEVEN H. ROSENBAUM
                                     Chief, Special Litigation Section
8                                    Civil Rights Division

9                                    _____
                                     LAURA L. COWALL
10                                   Special Counsel
                                     LUIS E. SAUCEDO
11                                   Counselor to the Chief
                                     CATHLEEN S. TRAINOR
12                                   Trial Attorney
                                     DEENA FOX
13                                   Trial Attorney
                                     Special Litigation Section
14                                   Civil Rights Division
                                     U.S. Department of Justice
15

16                                   NICOLA T. HANNA
                                     United States Attorney
17

18                                   DAVID M. HARRIS
                                     Assistant United States Attorney
19                                   Chief, Civil Division

20                                   _____
                                     KAREN P. RUCKERT
21                                   Assistant United States Attorney
                                     Chief, Civil Rights Section, Civil Division
22

23                                   _____
                                     MATTHEW NICKELL
24                                   Assistant United States Attorney
                                     Civil Rights Section, Civil Division
25

26

27

28

HOA.102388108.1                      8

1   Dated:                       FOR DEFENDANTS:

2

3                               MARY C. WICKHAM

4                               County Counsel
                                County of Los Angeles

5

6

7                               RODRIGO A. CASTRO-SILVA
                               Senior Assistant County Counsel

8                               County of Los Angeles

9

10  Dated:                    FOR PLAINTIFF-INTERVENORS:

11

12

13                              MARK D. ROSENBAUM
                               ALISA L. HARTZ

14                               Public Counsel

15

16

17                              BRADLEY S. PHILLIPS
                               GRANT A. DAVIS-DENNY

18                               Munger, Tolles & Olson LLP

19

20

21  Dated:  October 30, 2018          FOR THE INDEPENDENT MONITOR:

22

23                               RICHARD DROOYAN
                               Independent Monitor

24

25

26

27

28

1   Dated:                        FOR DEFENDANTS:

2

3                               MARY C. WICKHAM
                               County Counsel
4                               County of Los Angeles

5

6

7                               RODRIGO A. CASTRO-SILVA
                               Senior Assistant County Counsel
8                               County of Los Angeles

9

10  Dated:                        FOR PLAINTIFF-INTERVENORS:

11

12

13                             MARK D. ROSENBAUM
                               ALISA L. HARTZ
14                               Public Counsel

15

16

17                             BRADLEY S. PHILLIPS
                               GRANT A. DAVIS-DENNY

18                             Munger, Tolles & Olson LLP

19

20  Dated:                        FOR THE INDEPENDENT MONITOR:

21

22

23                             RICHARD DROOYAN
                               Independent Monitor

24

25

26

27

28

HOA.102388108.1

9