| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| 3 | WESTERN DIVISION |

| | | |
|---|---|---|
| 4 | UNITED STATES OF AMERICA, | Case No. 2:15-cv-5903-DDP-JEM |
| 5 | Plaintiff, | |
| 6 | v. | **JOINT STIPULATION TO DISMISS INTERVENORS' CLAIMS; AND** |
| 7 | COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF | |
| 8 | JIM MCDONNELL, in his official capacity, | **ORDER** |
| 9 | | |
| 10 | Defendants. | **[FRCP 41(a)(1)(A)(ii)]** |
| 11 | TERESA POWERS, DAVID PENN, TIMOTHY POLK, MARK SARNI, | COMPLAINT FILED:  August 5, 2015 TRIAL DATE:  None Set |
| 12 | DERRICK THOMAS, DARSEL WHITFIELD, ROYAL WILLIAMS, AND | |
| 13 | LEPRIEST VALENTINE, | |
| 14 | Plaintiff-Intervenors. | |
| 15 | | |

16    IT IS HEREBY STIPULATED by and between Plaintiff, Intervenors, and

17   Defendants, through their undersigned counsel, that Intervenors' claims shall be

18   dismissed with prejudice, pursuant to Federal Rules of Civil Procedure Rule

19   41(a)(1)(A)(ii), and consistent with the terms set forth below.  Intervenors'

20   counsel affirm that they have authority from Teresa Powers, David Penn,

21   Timothy Polk, Derrick Thomas, Darsel Whitfield, Royal Williams, and LePriest

22   Valentine to enter into this Stipulation.[1]

23    Plaintiff, Intervenors, and Defendants are entering into this Stipulation of

24   Dismissal based on the Joint Stipulation to Amend Paragraph 34 of the Joint

25   Settlement Agreement Regarding the Los Angeles County Jails ("Joint

26

27   [1] Intervenor Mark Sarni was dismissed from this action on September 8, 2017. Dkt. No. 135.

28

-2-

1  Stipulation") filed with the Court on December 6, 2018. Dkt. No. 142. The
2  Court shall retain jurisdiction to enforce the terms set forth in this Stipulation of
3  Dismissal.

4       IT IS FURTHER STIPULATED by and between Plaintiff, Intervenors,
5  and Defendants, through their undersigned counsel, that the following conditions
6  will apply to Intervenors' involvement in monitoring Defendants' compliance
7  with Amended Paragraph 34.

8       **A. Monitoring Compliance with Amended Paragraph 34**

9       The requirements in Section VI of the Joint Settlement Agreement
10 Regarding the Los Angeles County Jails ("Settlement Agreement"), ECF Doc. 4,
11 on Implementation, Compliance Assessment, Enforcement, and Termination will
12 apply to Amended Paragraph 34. The Plaintiff and Defendants ("Parties") and
13 Intervenors further agree to the additional measures specified below to permit
14 Intervenors to participate in the oversight and monitoring of Amended Paragraph
15 34.

16       1. Oversight and Monitoring

17            a. Independent Monitor:  The Independent Monitor will assess and
18               report on Defendants' compliance with Amended Paragraph 34 with
19               the assistance of his Subject Matter Experts and support staff, as set
20               forth in Section VI of the Settlement Agreement.

21            b. Compliance Measures:  The Parties and Intervenors, in consultation
22               with the Independent Monitor, have developed compliance measures
23               to determine whether Amended Paragraph 34 is properly and timely
24               implemented.  The Independent Monitor will use the compliance
25               measures to formulate his findings and report on Defendants'
26               progress toward compliance with Amended Paragraph 34.

27            c. Monitoring Reports:  The Independent Monitor will report on
28               Defendants' compliance with Amended Paragraph 34, as set forth in

1   Paragraph 109 of the Settlement Agreement, and provide a draft copy
2   of the Monitor's reports to the Parties for review and comment, as set
3   forth in Paragraph 110 of the Settlement Agreement.  In addition, at
4   least 30 days before the anticipated filing of the Monitor's reports, the
5   Monitor will provide Intervenors with a draft copy of the portion or
6   portions of the reports that pertain to Amended Paragraph 34.
7   Intervenors will submit comments, if any, to the Monitor within 15
8   days of receipt of the draft portion or portions of the reports.  The
9   Monitor will consider any comments from Intervenors.  Intervenors
10   may file a separate response regarding Amended Paragraph 34 with
11   the Court within 15 days after the filing of the reports by the Monitor
12   although such a filing is not required.  The Parties may file a response
13   to Intervenors' filing within 15 days although such a filing is not
14   required.  All public court filings by Intervenors will be written with
15   due regard for the privacy interests of individual prisoners and staff
16   and the interest of the County and the Sheriff in protecting against
17   disclosure of information not permitted by the Settlement Agreement.
18        d. Access:  The Independent Monitor and the United States will have
19   full and complete access to the Jails and all relevant individuals,
20   facilities, prisoner medical and mental health records, documents,
21   data, and meetings related to Amended Paragraph 34, as set forth in
22   and pursuant to Paragraph 103 of the Settlement Agreement subject
23   to the exceptions therein.  In addition, the Parties and Intervenors
24   agree that Intervenors will have reasonable and limited access to
25   County and Sheriff records and documents related to proof of
26   compliance with Amended Paragraph 34, subject to a confidentiality
27   agreement and as follows:  Intervenors have the right to request that
28   the records underlying the County's report to the Monitor regarding

1    compliance with Amended Paragraph 34 be made available to them,

2    subject to redaction to comply with the Health Insurance Portability

3    and Accountability Act, the California Confidentiality of Medical

4    Information Act (Civil Code § 56, et seq.), California Welfare and

5    Institutions Code § 5328, and any other privilege or protection. The

6    Parties and Intervenors agree to meet and confer about such a request

7    for underlying records and its justifications. In the event that such a

8    request cannot be resolved, a Party or Intervenors may file a motion

9    with the Court seeking resolution of the request. Intervenors will

10   maintain as confidential, and will not distribute or disclose, any

11   records, documents, or information provided by the County, the

12   Sheriff, or the Independent Monitor under this Agreement.

13   e. Policies and Procedures: The Parties and Intervenors have negotiated

14   policies and procedures to implement Amended Paragraph 34,

15   including Correctional Health Services Policy M380.01, which serves

16   as the foundation for the enhanced release planning process at the

17   Jails. The Independent Monitor has reviewed the revised policies and

18   procedures and agrees they incorporate the requirements of Amended

19   Paragraph 34. Should Defendants make any substantive revisions to

20   policies or procedures that relate to Amended Paragraph 34,

21   Defendants will submit such policies or procedures to the United

22   States and the Monitor, as set forth in Paragraphs 89-90 of the

23   Settlement Agreement. In addition, if Correctional Health Services

24   Policy M380.01 is materially revised, or if any new policies

25   materially related to release planning for prisoners who are subject to

26   Amended Paragraph 34 are created, the following process will be

27   followed before implementation:

28   1) The County and Sheriff will provide a copy of the proposed policy

to Intervenors;

2) Intervenors will have 30 days to review the policy and submit comments, if any, to the County and the Sheriff;

3) If Intervenors do not submit any comments within the 30-day period, the County and the Sheriff will begin implementation of the policy no later than 180 days after the expiration of the 30-day review period or notice that no comments will be forthcoming;

4) If Intervenors object to the proposed policy, Intervenors will note the objection in writing to all Parties within the respective review period;

5) If there is any objection to the proposed policy, the County and the Sheriff will have 30 days to address the objection(s);

6) If Intervenors cannot resolve the objections, any Party may ask the Court to resolve the matter; and

7) The Monitor may extend any time period specified in this section by up to 15 additional days. Further extensions may be granted by the Monitor with the agreement of all Parties and Intervenors when necessary to permit amicable resolution of objections.

f. Self-Assessments and Reports: The County and Sheriff will report on their implementation of Amended Paragraph 34, as set forth in Paragraph 92 of the Settlement Agreement. In addition, the Parties and Intervenors agree that Intervenors will have limited access to the County's and Sheriff's self-assessments and reports concerning the implementation of Amended Paragraph 34, as follows:

1) Fifteen days before the end of the reporting period described in Paragraph 109 of the Settlement Agreement, the County and Sheriff will provide Intervenors a Self-Assessment Status Report concerning only Amended Paragraph 34 that includes:

a) The actions taken by the County and Sheriff during the review period to implement Amended Paragraph 34, including the status of ongoing and continuous improvement activities;

b) Responses to concerns or recommendations concerning Amended Paragraph 34 made in prior reports by the Monitor; and

c) A summary of any audits related to Amended Paragraph 34 that were completed in the reporting period.

2) Intervenors shall receive copies of all written communications between the County and the United States concerning, in whole or in part, the implementation of Amended Paragraph 34.  To the extent the self-assessments, reports, and communications referenced in this provision contain material not related to Amended Paragraph 34, the County or the United States may redact such material.

3) Intervenors shall treat all documents received under subsection (f) as confidential and will not further disclose or attach such documents to any court document, unless filed under seal with Court approval, without the consent of the County and the Sheriff or by order of the Court.

**B. Evidence-Based Study**

a. The County and the Sheriff agree to meet with Intervenors' counsel to discuss the possibility of providing data related to compliance with Amended Paragraph 34 to an independent research or educational organization to perform an evidence-based assessment of release planning at the Jails.  The County and the Sheriff agree to preserve all data, records, files, and documentation relevant to their compliance with Amended Paragraph 34, including the full medical and prisoner

1                records in the sample selected for compliance review, at least until

2                the date of such meeting. Nothing in this paragraph shall require that

3                the County or Sheriff agrees to share the data or participate in such an

4                assessment or study. This discussion shall not take place until after

5                the County and Sheriff have achieved sustained compliance and are

6                no longer subject to monitoring of Amended Paragraph 34.

7 **C. Attorney's Fees**

8       Within ninety (90) days of entry of this Stipulation, Defendants shall pay

9 the sum of nine hundred and fifty thousand dollars ($950,000) to Intervenors'

10 Counsel to fully resolve any claims for attorneys' fees and costs arising out of

11 the Intervenors' action. Intervenors shall not seek attorney's fees or costs for

12 their participation in the monitoring or oversight of Amended Paragraph 34.

13 Intervenors may request reasonable attorney's fees and costs from the Court in the

14 event they prevail on a motion seeking judicial enforcement of Amended

15 Paragraph 34. The Court shall retain jurisdiction for the purpose of considering

16 any future motion for reasonable attorney's fees.

17 **D. Meet and Confer Requirement**

18       Intervenors will also seek to resolve any disputes concerning the

19 implementation of Amended Paragraph 34 with the Parties through a good faith

20 effort. Intervenors retain the right to seek Court enforcement of Amended

21 Paragraph 34 if they fail to resolve any such disputes after a good faith effort to

22 meet and confer regarding such dispute.

23 **E. Admissibility**

24       Except to enforce, modify, or terminate the Settlement Agreement, as

25 amended by this Joint Stipulation, neither this Joint Stipulation, nor the Amended

26 Settlement Agreement, nor any Order entered pursuant to this Joint Stipulation

27 shall be admissible against either the County or Sheriff in any court or proceeding

28 for any purpose, as set forth in Paragraph 14 of the Settlement Agreement.

1

2 **F. No Admission of Liability or Wrongdoing**

3       This Joint Stipulation and the agreements reflected herein are not an

4 admission of any liability or wrongdoing on the part of the County or the Sheriff,

5 and/or either of its employees, agents, and former employees and agents, or any

6 other person, and will not constitute evidence of any pattern or practice of

7 wrongdoing.

8 ///

9 ///

10 ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    STIPULATED AND AGREED UPON by Plaintiff United States of
2  America, Defendants the County and the Sheriff, and Plaintiff-Intervenors, with
3  the endorsement of the Independent Monitor.

4

5  Dated: 12/4/18                    FOR PLAINTIFF UNITED STATES OF
                                     AMERICA:
6

7                                    ERIC S. DREIBAND
                                     Assistant Attorney General
8                                    Civil Rights Division

9                                    STEVEN H. ROSENBAUM
                                     Chief, Special Litigation Section
10                                   Civil Rights Division

11

12                                   LAURA L. COWALL
                                     Special Counsel
13                                   LUIS E. SAUCEDO
                                     Counselor to the Chief
14                                   CATHLEEN S. TRAINOR
                                     Trial Attorney
15                                   DEENA FOX
                                     Trial Attorney
16                                   Special Litigation Section
                                     Civil Rights Division
17                                   U.S. Department of Justice

18
                                     NICOLA T. HANNA
19                                   United States Attorney

20                                   DAVID M. HARRIS
                                     Assistant United States Attorney
21                                   Chief, Civil Division

22

23                                   KAREN P. RUCKERT
                                     Assistant United States Attorney
24                                   Chief, Civil Rights Section, Civil Division

25

26                                   MATTHEW NICKELL
                                     Assistant United States Attorney
27                                   Civil Rights Section, Civil Division

28

- 10 -

1   Dated:                                FOR DEFENDANTS:

2

3                                         MARY C. WICKHAM
                                          County Counsel
4                                         County of Los Angeles

5

6
                                          RODRIGO A. CASTRO SILVA
7                                         Senior Assistant County Counsel
                                          County of Los Angeles
8

9

10  Dated:                                FOR PLAINTIFF-INTERVENORS:

11

12                                        MARK D. ROSENBAUM
                                          ALISA L. HARTZ
13                                        Public Counsel

14

15

16                                        BRADLEY S. PHILLIPS
                                          GRANT A. DAVIS-DENNY
17                                        Munger, Tolles & Olson LLP

18

19  Dated: October 30, 2018               FOR THE INDEPENDENT MONITOR:

20

21                                        RICHARD DROOYAN
                                          Independent Monitor

22

23

24

25

26

27

28

                                    - 11 -

Dated:                                 FOR DEFENDANTS:

_____
MARY C. WICKHAM
County Counsel
County of Los Angeles


_____
RODRIGO A. CASTRO-SILVA
Senior Assistant County Counsel
County of Los Angeles

Dated:                                 FOR PLAINTIFF-INTERVENORS:

_____
MARK D. ROSENBAUM
ALISA L. HARTZ
Public Counsel


_____
BRADLEY S. PHILLIPS
GRANT A. DAVIS-DENNY
Munger, Tolles & Olson LLP

Dated:                                 FOR THE INDEPENDENT MONITOR:

_____
RICHARD DROOYAN
Independent Monitor

- 11 -

1

## STIPULATED [PROPOSED] ORDER

2 WHEREAS, on August 5, 2015, the United States filed a Complaint against
3 the County and the Sheriff alleging systemic violations of prisoners' federal
4 constitutional rights in the Jails, under the Civil Rights of Institutionalized Persons
5 Act, 42 U.S.C. § 1997, and the Violent Crime Control and Law Enforcement Act
6 of 1994, 42 U.S.C. § 14141, Dkt. No. 1;

7 WHEREAS, simultaneously with the Complaint and without admission of
8 any liability or wrongdoing on the part of the County or the Sheriff, and/or either
9 of its employees, agents, and former employees and agents, or any other person,
10 the United States and the County and Sheriff filed a joint stipulation seeking
11 approval of the Joint Settlement Agreement Regarding the Los Angeles County
12 Jails ("Settlement Agreement") to resolve the United States' Complaint, which
13 was approved by the Court on September 3, 2015, Dkt. Nos. 4 and 13;

14 WHEREAS, on September 28, 2015, Teresa Powers, David Penn, Timothy
15 Polk, Mark Sarni, Derrick Thomas, Darsel Whitfield, Royal Williams, and
16 LePriest Valentine (Intervenors) moved to intervene in the action to challenge
17 Paragraph 34 of the Settlement Agreement ("Paragraph 34") on the grounds that it
18 violates the Americans with Disabilities Act, Section 504 of the Rehabilitation
19 Act, and the Eighth and Fourteenth Amendments of the United States
20 Constitution, Dkt. No. 17;

21 WHEREAS, on December 15, 2015, Intervenors were granted leave by the
22 Court to intervene as of right. Dkt. No. 75 at 10;

23 WHEREAS, Plaintiff, Intervenors, and Defendants have engaged in good
24 faith settlement negotiations and have agreed to amend Paragraph 34 by Joint
25 Stipulation, Dkt. No. 142, as set forth in Paragraph 119 of the original Settlement
26 Agreement;

27 WHEREAS, Defendants agree to entry of this stipulated order without
28 admitting liability or wrongdoing on the part of the County or the Sheriff, and/or

- 12 -

1  either of its employees, agents, and former employees and agents, or any other
2  person;

3      NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and
4  DECREED as follows:

5      1.      Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii),
6  Intervenors' action is dismissed with prejudice;

7      2.      As stipulated by Plaintiff, Intervenors, and Defendants, within 90
8  days of entry of this Stipulation, Defendants shall pay the sum of nine hundred
9  and fifty thousand dollars ($950,000) to Intervenors' Counsel to fully resolve any
10  claims for attorney's fees and costs arising out of the Intervenors' action;

11      3.      As provided in the Joint Stipulation to Dismiss Intervenors' Claims
12  ("Joint Stipulation to Dismiss"), Intervenors are permitted to participate in the
13  oversight and monitoring of Amended Paragraph 34 and shall seek to resolve any
14  disputes concerning the implementation of Amended Paragraph 34 with the
15  Parties through a meet-and-confer process; and

16      4.      The Court retains jurisdiction to consider a future motion for
17  reasonable attorney's fees and costs filed by Intervenors until Defendants'
18  obligations under Amended Paragraph 34 are fulfilled.  As stipulated by Plaintiff,
19  Intervenors, and Defendants, Intervenors shall not seek attorney's fees or costs for
20  monitoring and oversight activities.  Intervenors may, however, request
21  reasonable attorney's fees and costs from the Court in the event they prevail on a
22  motion seeking judicial enforcement of Amended Paragraph 34 as set forth in the
23  Joint Stipulation to Dismiss.

24      6. Except to enforce, modify, or terminate the Settlement Agreement, as
25  amended by the Joint Stipulation to Amend Paragraph 34, the Amended
26  Settlement Agreement, and this Stipulated Order shall not be admissible against
27  either the County or the Sheriff in any court or proceeding for any purpose and
28  //

shall not constitute evidence of any pattern or practice of wrongdoing.

IT IS SO ORDERED.


DATED: 12-10-18

DEAN D. PREGERSON
United States District Judge