1  KRISTEN CLARKE
   Assistant Attorney General
2  Civil Rights Division
   STEVEN H. ROSENBAUM, Chief
3  MAURA KLUGMAN, Acting Special Counsel
   LUIS E. SAUCEDO, Trial Attorney
4  U.S. Department of Justice
   Civil Rights Division
5  Special Litigation Section
        150 M. Street NE
6       Washington, D.C.  20001
        Telephone: (202) 305-0053
7       Email:  maura.klugman@usdoj.gov
                luis.e.saucedo@usdoj.gov
8  TRACY L. WILKISON
   United States Attorney
9  DAVID M. HARRIS
   Assistant United States Attorney
10 Chief, Civil Division
   KAREN P. RUCKERT
11 Assistant United States Attorney
   Chief, Civil Rights Section, Civil Division
12 MATTHEW NICKELL (Cal. Bar No. 304828)
   Assistant United States Attorney
13      Federal Building, Suite 7516
        300 North Los Angeles Street
14      Los Angeles, California 90012
        Telephone: (213) 894-8805
15      Facsimile: (213) 894-7819
        Email: matthew.nickell@usdoj.gov
16 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. 2:15-cv-5903-DDP-JEM<br><br>**JOINT STATUS REPORT**<br><br>Hon. Dean D. Pregerson<br>United States District Judge |

Plaintiff United States of America, Plaintiff-Intervenors ("Intervenors"), and

Defendants County of Los Angeles ("County") and the Los Angeles County Sheriff

("Sheriff") (collectively, the "Parties"), with the concurrence of the Monitor, submit this Joint Status Report in accordance with this Court's November 5, 2021 order. *See* Nov. 5, 2021 Order, ECF No. 176.

## I.  Background

The United States and Defendants entered into the settlement agreement in this case over six years ago in August 2015. *See* ECF Doc. 14. In the first three years of the settlement agreement, the County made noteworthy progress toward bringing provisions into substantial compliance. Because that progress slowed over subsequent years for a variety of reasons, including a substantial increase in the number and proportion of prisoners in the Los Angeles County Jail system with mental health issues who are subject to the provisions in the settlement agreement, the United States began discussions with the County in January 2021 regarding implementation plans with concrete roadmaps and timelines for bringing the remaining provisions into substantial compliance. *See* Monitor's 12th Rep., ECF Doc. 174-1 at 6–7, 20. The Monitor requested a status conference in September 2021 seeking to "further[] progress on the development and adoption of [implementation plans]," *id.* at 20, and on October 26, 2021, a status conference was scheduled for November 5, 2021. Between October 26, 2021 and the November 5, 2021 status conference, the United States and the County met and conferred multiple times regarding the implementation plans. During those meetings, the County committed to creating implementation plans for provisions that were neither in nor within imminent reach of substantial compliance. Further, the County committed to begin providing those plans within 90 days, and to provide all of them within 180 days.

On November 5, 2021, this Court held a status conference and issued an order directing the Parties to file a Joint Status Report on or before December 15, 2021. *See* Nov. 5, 2021 Order, ECF Doc. 176. The Report must, at a minimum, "set forth the specific dates by which the County will either (1) achieve substantial compliance with, or (2) adopt implementation plans regarding, paragraphs 31, 34, 36, 40, 41, 47, 52, 63,

64, 65, 66, 67, 70, 79, 80, and 81 of the Settlement Agreement." *Id.* The order also requires all implementation plans to "be finalized and adopted no later than May 15, 2022," and "sets a further status conference for January 14, 2022 at 10:00 am." *Id.*

The Parties hereby submit this Joint Status Report in accordance with the Court's November 5, 2021 order. This Report sets forth the following:

(1) The set of provisions that the County represents already have reached substantial compliance or that it projects will imminently reach substantial compliance such that no implementation plan is required, and the dates by which each such provision has or will, according to the County's projection, achieve substantial compliance;

(2) The set of provisions for which the County will develop implementation plans and the timelines for sharing and adopting those plans;

(3) A description of special circumstances for provision 31 that require reassessing in 90 days whether substantial compliance is imminent or whether an implementation plan for that provision is necessary;

(4) The process by which the implementation plans will be reviewed and approved by the United States and the Monitor (except for the provision 34 implementation plan); and

(5) The process by which the implementation plan for provision 34 will be reviewed and approved by the United States, the Monitor, and the Intervenors.

II. **Provisions That the County Represents Have Achieved or Projects Will Imminently Achieve Substantial Compliance**

The County has represented that it already has reached or projects that it will imminently reach substantial compliance with a number of the provisions that were rated as being in partial or non-compliance in the Monitor's most recent report. *See* Monitor's 12th Rep., ECF Doc. 174-1, at 136–142. Specifically, for each of these provisions, the County's latest self-assessments show that substantial compliance was achieved in the second or third quarter of 2021, or, alternatively, the County projects, based on the

information currently available, that it will achieve substantial compliance by the end of the second quarter of 2022, such that no implementation plan is required.

To ensure there are no delays in determining whether the County has achieved substantial compliance by the stated substantial compliance dates, the County shall perform self-assessments of these provisions no later than the next quarter after the dates listed below. Thus, the United States and Monitor will be able to determine on an expedited basis whether the County has achieved substantial compliance by the listed dates.

The provisions that the County represents fall into this category, and the dates by which it represents substantial compliance has been achieved or projects it will be achieved, are as follows.

| Prov. No. | Topic | Compl. Status as of 12th Rep.[1] | Substantial compliance date |
|---|---|---|---|
| 28 | Expedited Booking of Suicidal Inmates | Partial at CRDF[2] | September 30, 2021 |
| 41 | Step-Down Protocols for Forensic Inpatient Unit | Partial | September 30, 2021 |
| 47 | Staffing Requirements | Non-Compliance | March 31, 2022[3] |
| 61 | Requirements of Quality Improvement Program | Partial | June 30, 2022 |
| 62 | Tracking of Corrective Action Plans | Partial | June 30, 2022 |
| 68 | Contraband Searches | Partial at CRDF | June 30, 2022 |
| 77 | Suicide Prevention Trends and Corrective Action Tracking | Partial | June 30, 2022 |
| 85 | Internal Affairs Bureau Training | Partial | September 30, 2021 |

---

[1] *See* Monitor's 12th Rep., ECF Doc. 174-1, at 136–142.

[2] CRDF stands for the Century Regional Detention Center.

[3] The County has agreed that it will perform a staffing analysis required under provision 47 by the end of March 2022. Staffing needs identified through that analysis or otherwise will be addressed through implementation plans for substantive provisions for which insufficient staffing has contributed to a lack of substantial compliance.

4

**III. Provisions for Which the County Will Develop Implementation Plans**

The County has agreed to provide implementation plans for twenty-two provisions. The County and United States have agreed that the implementation plans shall include specific elements to serve as a roadmap to achieve substantial compliance. These elements include short- and long-term goals with concrete steps to overcome barriers to compliance and achieve substantial compliance, the allocation of responsibilities to specific staff to ensure accountability, and timetables to achieve substantial compliance with all outstanding requirements of the settlement agreement within two years.[4] The twenty-two provisions for which the County will generate implementation plans are as follows:

| Prov. No. | Topic | Compl. Status as of 12th Rep.[5] |
|---|---|---|
| 25 | Transportation of Suicidal Inmates from Station Jails and Observation Pending Transfer | Partial |
| 26 | Identification and Evaluation of Suicidal Inmates | Partial |
| 34[6] | Discharge Planning | Partial |
| 36 | Assessments After Triggering Events | Partial |
| 37 | Court Services Division Referrals | Partial |
| 39 | Confidential Self-Referrals | Partial at all facilities except NCCF[7] |
| 40 | Availability of Qualified Mental Health Professionals | Partial |

---

[4] The County continues to have concerns about the feasibility of compliance within two years for some of the provisions. To the extent the County determines that substantial compliance with all outstanding requirements of the settlement agreement will not be achieved within two years of the effective date of any provision's implementation plan, the County will immediately contact the United States and Monitor. The United States reserves the right to enforce the settlement agreement at any time in accordance with provision 117.

[5] *See* Monitor's 12th Rep., ECF Doc. 174-1, at 136–142.

[6] *See infra* Section VI for discussion regarding the implementation plan for provision 34.

[7] NCCF stands for the North County Correctional Facility.

| 42 | High Observation Housing Step-Down Protocols from Risk Precautions | Compliance suspended |
|---|---|---|
| 43 | Disciplinary Policies for Prisoners with Mental Illness | Non-Compliance at CRDF, MCJ,[8] and TTCF[9] |
| 52 | High Observation Housing Property Restrictions | Partial |
| 53 | Eligibility for Education, Work, and Programs | Partial |
| 57 | Safety Checks in Mental Health Housing | Partial at all facilities except MCJ |
| 58 | Safety Checks in Non-Mental Health Housing | Partial at TTCF, Non-Compliance at MCJ |
| 63 | Sufficient High Observation and Moderate Observation Housing | Non-Compliance |
| 64 | Plans for Availability of Inpatient Health Care | Non-Compliance |
| 65 | Administration of Psychotropic Medication | Partial |
| 66 | Active Mental Health Caseloads | Non-Compliance |
| 67 | Prisoner Refusals of Medication | Partial |
| 70 | Security Restraints in High and Moderate Observation Housing | Partial |
| 79 | Therapeutic Services in Mental Health Housing | Non-Compliance |
| 80 | Out-of-Cell Time in High Observation Housing | Non-Compliance |
| 81 | Implementation of *Rosas* Settlement Related to Uses of Force at Non-Downtown Jail Facilities | Partial |

The United States and the County have agreed that the County will provide the United States and Monitor with initial drafts of the implementation plans in at least two batches. The deadline for the first batch of draft plans is January 31, 2022, and the deadline for the second is April 1, 2022. To maximize efficiency in workflow and ensure the Parties are continually making progress through this period, the County will endeavor to provide the draft plans before the deadlines listed below on a rolling basis.

---

[8] MCJ stands for the Men's Central Jail.

[9] TTCF stands for the Twin Towers Correctional Facility.

The United States and the County believe that this timetable will allow sufficient time for all review, adoption, and conflict resolution procedures described in Section V *infra* to be completed on or before the May 15, 2022 deadline. *See* Nov. 5, 2021 Order, ECF Doc. 176.

| Deadline to Provide Draft Plans | Provisions | Issue Area(s) |
| --- | --- | --- |
| 1/31/22[10] | 25, 26, 36, 37, 39, 40, 42, 43, 52, 53, 57, 58, 65, 67 | Clinician Assessments, Safety Checks, Medication, Suicide Prevention |
| 4/1/22 | 63, 64, 66, 70, 79, 80, 81 | Mental Health Housing, Treatment and Therapy, Use of Force |

**IV. Provision 31 and Possible Need for Implementation Plan**

Provision 31 requires the County to maintain electronic mental health alerts in prisoners' electronic medical records to notify staff of a prisoner's risk for suicide or self-injurious behavior. The County and the United States are currently engaged in discussions regarding potential changes to the universe of source documents used to assess compliance with provision 31. The changes made to that universe could affect the compliance ratings for that provision.

The County and the United States will complete discussions regarding changes to the source document universe for provision 31 by January 10, 2022, and the County will provide a self-assessment for provision 31 based on changes to the universe within 90 days of this Joint Report, or by March 15, 2022. At that that time, the County will determine whether it will be able to achieve substantial compliance with provision 31 imminently, i.e. by the end of the second quarter of 2022. If not, then the County will develop a plan for the provision that will be finalized no later than May 15, 2022 in accordance with this Court's November 5, 2021 order. *See* Nov. 5, 2021 Order, ECF

---

[10] As indicated in Section VI below, the implementation plan for provision 34—which involves separate County staff from other provisions in the settlement agreement and requires input also from the Intervenors—is being prepared on an expedited timeline.

Doc. 176.

## V. Process for Review, Comment, and Approval

The Parties have agreed to the following process by which the United States, Intervenors, and Monitor will review and comment on all implementation plans the County provides before their adoption, and regarding the resolution of any disputes:

- Within 15 days after the United States and Monitor receive a draft implementation plan from the County, each will provide comments, including recommended revisions, on those plans to the County. The Monitor may, however, extend this deadline by 10 days, either at his own discretion or at the request of the United States;[11]

- Ten days after receiving input from the United States, the Monitor, and (for provision 34) the Intervenors, the County must provide a response including, if applicable, a revised version of the implementation plan(s) at issue;

- Within ten days after receiving the County's response and any revised plan(s), the County and the United States—and, for provision 34, the Intervenors—must meet and confer regarding any disagreements. The Monitor may assist the Parties in reaching a mutually agreeable resolution to any such disputes;

- If, however, the Parties are unable to resolve a dispute, then each party will submit its respective position regarding the contested aspects of the implementation plan(s) at issue to the Court. The mechanism for this will be by setting forth the grounds of the disagreement, each party's proposed resolution, and the Monitor's view, in a joint filing submitted to the Court on or before May 1, 2022, to allow sufficient time for all implementation plans to be finalized and adopted by the May 15, 2022 deadline. *See* Nov. 5, 2021 Order, ECF Doc. 176. The dates in the preceding sentence do not apply to provision

---

[11] In the case of the draft implementation plan provided by the County for provision 34, the United States, Monitor, and Intervenors will have 21 days to provide such comments and recommended revisions, and the Monitor may extend this deadline by 10 days, either at his own discretion or at the request of the United States or Intervenors.

8

34; the dates for that provision are identified below in Section VI; and

- As soon as the Parties reach agreement on an implementation plan or a plan is finalized through involvement of the Court as described above, the County will immediately begin implementation of the plan if it has not already done so.

## VI. The Implementation Plan and Process for Provision 34

The County, United States, and Intervenors agree that the County will create an implementation plan for provision 34. The County will provide a draft of the implementation plan to the United States, the Intervenors, and the Monitor on or before December 15, 2021. The Parties and the Monitor shall follow the same review and comment process for provision 34 as the County, the United States, and the Monitor shall follow for other implementation plans as set forth in Section V above, with the exception that (1) the period of time for the United States, Monitor, and Intervenors to provide comments and recommended revisions to the draft implementation plan provided by the County will be 21 days, rather than 15 days, and (2) to the extent the Parties are unable to resolve a dispute regarding the implementation plan for provision 34, then by February 18, 2022, the parties will submit a joint filing setting forth the grounds of the disagreement, as well as each party's proposed resolution. The implementation plan for provision 34 shall be fully adopted and finalized before March 14, 2022.

## VII. Conclusion

This Joint Status Report is submitted on behalf of all the Parties to this action with the concurrence of the Monitor. Specifically, Sections I through VI are submitted on behalf of the United States and the County, and Sections I, V, and VI—the Sections that concern provision 34—are submitted on behalf of all the Parties including Intervenors.

The Parties respectfully request that the Court enter the processes and timetables described in this Joint Status Report as an order of this Court, and that the Parties have

//
//

an opportunity to present to the Court any updates—including disputes that may arise in the development or negotiation of the implementation plans—at the January 14, 2022 status conference.

Dated: December 15, 2021

FOR PLAINTIFF:

TRACY L. WILKISON
United States Attorney
Central District of California

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

STEVEN H. ROSENBAUM
Chief, Special Litigation Section
Civil Rights Division

/s/ Karen P. Ruckert
KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Maura Klugman
MAURA KLUGMAN
Acting Special Counsel, Special Litigation Section
Civil Rights Division

/s/ Matthew Nickell
MATTHEW NICKELL*
Assistant United States Attorney
Civil Rights Section, Civil Division

/s/ Luis E. Saucedo
LUIS E. SAUCEDO
Trial Attorney, Special Litigation Section
Civil Rights Division

*Attorneys for the United States of America*

Dated: December 15, 2021

FOR DEFENDANTS:

/s/ Robert Dugdale
ROBERT DUGDALE
Kendall Brill & Kelly LLP

*Attorneys for the County of Los Angeles and Los Angeles County Sheriff*

[Additional signatures on next page]

10

| | |
|---|---|
| Dated: December 15, 2021 | FOR PLAINTIFF-INTERVENORS: |
| | /s/ Mark D. Rosenbaum<br>MARK D. ROSENBAUM<br>Public Counsel |
| | /s/ Grant Davis-Denny<br>GRANT DAVIS-DENNY<br>Munger, Tolles & Olson LLP |

\* I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.