1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:15-cv-5903-DDP-JEM |
|---|---|
| Plaintiff, | |
| v. | **[PROPOSED] ORDER SETTING DEADLINES FOR SUBSTANTIAL COMPLIANCE** |
| COUNTY OF LOS ANGELES et al., | |
| Defendants. | Hon. Dean D. Pregerson<br>United States District Judge |

Having reviewed the Parties' Stipulation for Court Order Setting Deadlines for Substantial Compliance, and good cause appearing,

IT IS HEREBY ORDERED that Defendants take certain steps outlined below to bring the parties' Settlement Agreement, ECF No. 14, into substantial compliance. It is further ORDERED that the Court finds that:

1. Defendants are currently not in compliance with all provisions of the parties' Settlement Agreement, ECF No. 14, which was entered as an order of this Court on September 3, 2015. *Id.* at 57.

2. As a result, more specific remedial relief is necessary, as set forth below.

3. The specific relief set forth below complies in all respects with the provisions of 18 U.S.C. § 3626(a), as it is narrowly drawn, extends no further than necessary to correct ongoing violations of federal rights agreed by the parties with the entry of the Settlement Agreement, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of the criminal justice system.

4. The Settlement Agreement remains in effect. This Order does not waive any Settlement Agreement requirements; nor does it reflect any finding or agreement that any other relief beyond that specifically set forth below complies with the requirements of 18 U.S.C. § 3626(a).

It is further ORDERED that the specific relief ordered herein will consist of the following:

**Compliance Deadlines and Benchmarks for Provisions 63, 64, and 80**

1. By February 6, 2023, Defendants will inform the United States and Monitor whether they agree to the United States' demand, stated in the United States' Motion for Court Order Setting Deadlines for Substantial Compliance (the "Motion"), that Defendants reach substantial compliance with provisions 63, 64, and 80 of the settlement agreement by June 30, 2024. *See* ECF No. 227 at 21. If Defendants do not agree with this demand, Defendants will propose an alternative date or dates by which Defendants

will reach substantial compliance with these provisions. In addition, by February 6, 2023, Defendants will inform the United States and Monitor whether they agree with the interim compliance benchmarks for provisions 63, 64, and 80 set forth in the Motion. *See* ECF No. 227 at 14–16. If Defendants do not agree with these interim compliance benchmarks, then Defendants will propose alternative interim compliance benchmarks with dates and target compliance percentages leading up to the date substantial compliance will be reached for each provision. The Court has continued the hearing date on the Motion to February 13, 2023; and the parties are ordered to meet and confer before the February 13, 2023 hearing on the Motion regarding any differences between their proposed compliance deadlines and interim benchmarks for provisions 63, 64, and 80 that exist as of February 6, 2023.

    2.    Defendants will take agreed-upon actions to improve compliance with provisions 63, 64, and 80, according to the following schedule:

        a.    Safely complete the conversion of PDC North to an all-MOH facility by July 31, 2023.

        b.    (i) By February 28, 2023, take all required steps required by the State of California to obtain licensure to open a new psychiatric urgent care (PUC) in the Jails with at least 20 beds where clinical staff can administer involuntary psychotropic medication as needed and where clinically appropriate, and begin operating these beds as soon as possible after licensure and other state approvals to do so are granted; (ii) by May 17, 2023, assess the impact of the PUC on the demand for forensic inpatient beds within the Los Angeles County Jail system (the "Jails") provided the PUC is operational by that date; and (iii) also by May 17, 2023, provide a timeline for satisfying all required steps to obtain licensure and state approvals to increase the number of beds in the PUC to 48 and begin taking those steps immediately, or, in the alternative, identify and begin implementing alternative

2

solutions to reduce the demand for inpatient care in the Jails to comply with settlement provision 64 consistent with paragraph 2(h) below.

    c. Expand the number of operational Stepdown units in the Jails according to the following schedule:

        i. 12 Stepdown pods by March 2023;

        ii. 20 Stepdown pods by March 2024;

        iii. 28 Stepdown pods by March 2025; and

        iv. 30 Stepdown pods by June 2025.

    d. By June 30, 2023, provide proof that at least 750 individuals in custody are receiving treatment through the Jails' new Medication Assisted Treatment (MAT) program or have declined such treatment after it has been offered, and by June 30, 2024, provide proof that at least 1,500 individuals in custody are receiving this treatment;

    e. To expand the amount of out-of-cell time individuals in HOH units receive, Defendants will:

        i. Immediately change the process by which custody staff provide individuals with access to group meetings by offering the meetings to upper and lower tiers at the same time, and will develop a form to explain offers and refusals;

        ii. As deemed appropriate by Correctional Health Services supervisors, clinicians already working in the Jails will immediately take on group responsibilities to increase structured programming at the Jails, and the County will develop a schedule of clinician-led groups; and

        iii. By February 28, 2023, Defendants will provide an analysis of a pilot program to hire outside service providers to provide group programming within the jails, and detailed plans for

3

       expanding the pilot program throughout HOH housing.

  f. Defendants must provide data regarding the steps described above (MOH expansion at PDC North, creation of the PUC, stepdown expansion, MAT expansion, and adequate group programming and out-of-cell time in HOH) promptly after those programs are implemented. By January 31, 2023, Defendants must provide an analysis of the data with respect to MOH expansion at PDC North and stepdown expansion that projects the impact of those programs on HOH and MOH demand. By June 30, 2023, Defendants must provide an equivalent analysis with respect to creation of the PUC, MAT expansion, and group programming and HOH out-of-cell time that projects the impact of those programs on HOH and MOH demand.

  g. By January 31, 2023, provide an analysis of the impact of planned expansion of the Office of Diversion and Reentry (ODR) Housing program on the demand for inpatient, high observation housing (HOH), and moderate observation housing (MOH) beds in custody;

  h. Defendants will have developed and begun implementing long-term solutions to ensure all individuals in HOH receive sufficient group programming and out-of-cell time no later than February 17, 2023; and Defendants will have developed and begun implementing long-term solutions to close the remaining gap between mental health housing demand and supply no later than May 17, 2023.

**Substantial Compliance Deadlines for Remaining Provisions**

3. Defendants will achieve substantial compliance with the following individual provisions of the settlement agreement not yet in substantial compliance in accordance with the following schedule, and will maintain substantial compliance for a period of twelve consecutive months thereafter in accordance with provision 116:

| Provision No. | Provision Topic | Substantial Compliance Deadline |
|---|---|---|
| 25 | Transportation of suicidal individuals from station jails and observation pending transfer | June 30, 2023 |
| 26 | Identifying prisoners with emergent or urgent MH needs upon arrival at reception centers | Reached June 2021–March 2022; must maintain one additional quarter |
| 34 | Release planning | December 31, 2022 |
| 36 | MH assessments after adverse triggering events | September 30, 2023 |
| 37 | Court Services Division referrals | March 31, 2024 |
| 40 | Availability of Qualified Mental Health Professionals | September 30, 2023 |
| 43 | Disciplinary policies for individuals with mental illness | March 31, 2024 |
| 52 | HOH property restrictions | December 31, 2023 |
| 65 | Administration of psychotropic medications | March 31, 2024 |
| 66 | Active mental health caseloads outside MH housing | March 31, 2023 |
| 67 | Refusals of medications | June 30, 2023[1] |

//
//
//
//
//
//
//

---

[1] By January 31, 2023, the United States and Defendants, with input from the Monitor, will determine whether any modifications to provision 67 of the settlement agreement are necessary to resolve discussions regarding medication refusals under this provision, and if needed will seek to amend the settlement agreement to effectuate this purpose no later than March 31, 2023.

5

4. Defendants will achieve substantial compliance with all provisions not referenced in paragraphs 1, 2 and 3 above no later than June 30, 2024, and will maintain substantial compliance for a period of twelve consecutive months thereafter in accordance with provision 116.

IT IS SO ORDERED.

Dated: _____

The Honorable Dean D. Pregerson
United States District Judge

Presented by:

| Dated: December 23, 2022 | FOR THE UNITED STATES: |
|---|---|
| STEPHANIE S. CHRISTENSEN<br>Attorney for the United States<br>Acting Under Authority Conferred by 28 U.S.C. § 515 | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division | STEVEN H. ROSENBAUM<br>Chief, Special Litigation Section<br>Civil Rights Division |
| RICHARD M. PARK<br>Assistant United States Attorney<br>Chief, Civil Rights Section, Civil Division | MAURA KLUGMAN<br>Deputy Chief, Special Litigation Section<br>Civil Rights Division |
| /s/ Matthew Nickell<br>MATTHEW NICKELL<br>Assistant United States Attorney<br>Civil Rights Section, Civil Division | /s/ Luis E. Saucedo<br>LUIS E. SAUCEDO<br>Trial Attorney, Special Litigation Section<br>Civil Rights Division |
| /s/ Margaret M. Chen*<br>MARGARET M. CHEN<br>Assistant United States Attorney<br>Civil Rights Section, Civil Division | MAGGIE FILLER<br>Trial Attorney, Special Litigation Section<br>Civil Rights Division<br><br>*Attorneys for the United States of America* |
| Dated: December 23, 2022 | FOR DEFENDANTS:<br><br>/s/ Robert E. Dugdale<br>ROBERT E. DUGDALE<br>Kendall Brill & Kelly LLP<br><br>*Attorneys for the County of Los Angeles and Los Angeles County Sheriff* |

Dated: December 23, 2022

FOR PLAINTIFF-INTERVENORS:

*/s/ Grant Davis-Denny*
GRANT DAVIS-DENNY
Munger, Tolles & Olson LLP

\* I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.