OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
  dharrison@counsel.lacounty.gov
Dylan Ford (228699)
Deputy County Counsel
  dford@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:   (213) 974-1807
Facsimile:    (213) 687-8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  rdugdale@kbkfirm.com
Daniel Barlava (334910)
  dbarlava@kbkfirm.com
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067-4013
Telephone: (310) 272-7904
Facsimile: (310) 286-0727

*Attorneys for Defendant
Robert Luna, Sheriff of Los Angeles
County, in his Official Capacity*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:15-cv-5903-DDP-JEM<br><br>**JOINT STATUS REPORT**<br><br>Date: December 11, 2023<br>Time: 11:00 a.m.<br>Judge: Hon. Dean D. Pregerson<br>Crtrm: 9C |

603395847

JOINT STATUS REPORT

# JOINT STATUS REPORT

The Parties submit this joint status report in anticipation of the status conference scheduled for December 11, 2023, and to update the Court on the status of the Parties' negotiations regarding the issues raised by Plaintiffs in their Motion to Modify the Court-Approved Implementation Plan (Dkt. No. 252, "Motion to Modify").

At the June 26, 2023 status conference, the Parties agreed to conduct further negotiations with respect to (1) LASD's policy regarding head strikes, (2) LASD's use of the WRAP restraint device, and (3) accountability and discipline for use of force and reporting violations.

On October 27, 2023, the Parties reported to the Court that they reached agreement on a new WRAP policy and other new measures related to the use of the WRAP[1] and that Plaintiffs had therefore agreed to withdraw the portions of their Motion to Modify related to the WRAP. (Dkt. No. 288 at p. 2).

At the most recent status conference held in this matter on October 30, 2023, the Parties further reported to the Court that they had made progress on negotiations regarding a new LASD head strike policy but had not yet reached full agreement. The Parties also reported that discussions regarding accountability and discipline were still in their infancy.

The Parties have now agreed to a new LASD Limitations on Force policy,[2] which covers a variety of uses of force, including head strikes. The Parties believe the new policy represents a significant improvement from the LASD's previous policy in both substance and in clarity, and it sufficiently addresses the concerns raised in Plaintiffs' Motion to Modify the Implication Plan related to head strikes filed on May 31, 2023. Accordingly, Plaintiffs have agreed to withdraw the portions

---

[1] The agreed-upon WRAP policy is attached as Exhibit 1.

[2] The agreed-upon Limitations on Force policy is attached as Exhibit 2.

of their Motion to Modify the Implementation Plan related to head strikes.

With respect to the remaining issue concerning accountability and discipline related to force incidents, the Parties have met and conferred multiple times, including with the Monitors present, have exchanged multiple written communications on the subject, and have now reached partial agreement on several new remedial compliance measures related to accountability and discipline. First, the Parties have agreed that the LASD will provide the Monitors and the ACLU, on a quarterly basis, with information about the disposition of force reviews that result in administrative investigations at the Inmate Reception Center, the Twin Towers Correctional Facility, and the Men's Central Jail and the discipline imposed for violations of use of force policies found in these administrative investigations. Second, the Parties have agreed to revisions proposed by the Monitors with respect to provision 15.7 of the Implementation Plan. Pursuant to this agreement, LASD supervisors who review use of force incidents will now be required to ensure that a deputy's initial report of a use of force incident accurately and honestly depicts the incident. Third, the Parties have agreed to adopt a new compliance measure for provision 1.3.[3] As a condition of compliance with provision 1.3, the Monitors will now assess whether LASD supervisors' evaluations of use of force incidents (i) are sufficiently thorough; (ii) sufficiently explain the reasons for their conclusions; and (iii) appropriately identify policy violations and hold staff accountable for identified policy violations.[4]

Notwithstanding these areas of agreement, the Parties have not yet reached

---

[3] Implementation Plan § 1.3 provides that "Department managers should be held accountable should they fail to address use of force problems at the Department's jail facilities."

[4] The Parties will provide the Court with the revised Implementation Plan and Compliance Measures before the next status conference.

full agreement with respect to accountability and discipline. Specifically, the Parties disagree about the scope and necessity of proposed changes to provision 13.1 of the Implementation Plan. Furthermore, there is some disagreement between the Parties whether the new Custody Force Investigation Team ("CFIT") formed by the Sheriff to conduct independent investigations of the more serious uses of force which occur within the jails is sufficient to address the accountability demanded under the Rosas provisions. The Parties are hopeful that they can reach an agreement on these two remaining issues, and believe, at a minimum, that further discussions may be fruitful in narrowing their differences.

In light of the foregoing, the Parties request an additional forty-five days to attempt to reach agreement on these remaining issues. If the Parties are unable to reach full agreement in that time frame, the Parties will submit to the Court a proposed briefing schedule so that the Court may address the remaining areas of disagreement as it sees fit.

DATED: December 8, 2023          KENDALL BRILL & KELLY LLP

                                 By:   /s/ Robert E. Dugdale
                                       Robert E. Dugdale
                                       Attorneys for Defendant Robert Luna,
                                       Sheriff of Los Angeles County, in his
                                       Official Capacity

DATED: December 8, 2023          AMERICAN CIVIL LIBERTIES UNION

                                 By:   /s/ Peter J. Eliasberg
                                       PETER J. ELIASBERG
                                       Attorneys for Plaintiffs Alex Rosas and
                                       Jonathan Goodwin, on behalf of
                                       themselves and of those similarly situated

603395847

3

JOINT STATUS REPORT

## **ATTESTATION UNDER LOCAL RULE 5-4.3.4**

I, Robert E. Dugdale, attest that the above listed signatories on whose behalf this document is being filed have concurred in the filing's content and have authorized the filing.

DATED: December 8, 2023              KENDALL BRILL & KELLY LLP

                                     By:     /s/ Robert E. Dugdale
                                             Robert E. Dugdale

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603395847

4

JOINT STATUS REPORT