OFFICE OF COUNTY COUNSEL
Dawyn Harrison (173855)
County Counsel
  dharrison@counsel.lacounty.gov
Dylan Ford (228699)
Deputy County Counsel
  dford@counsel.lacounty.gov
500 West Temple St., Floor 6
Los Angeles, California 90012
Telephone:  (213) 974-1807/(213) 974-1811
Facsimile:  (213) 687-8822

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
  rdugdale@kbkfirm.com
Michael J. McCarthy (334829)
  mmccarthy@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:  (310) 272-7904
Facsimile:  (310) 556-2705

*Attorneys for Defendants Los Angeles County Sheriff Robert Luna, in his Official Capacity, and the County of Los Angeles*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. 2:15-cv-5903-DDP-JEM<br><br>**JOINT STIPULATION TO MODIFY PROVISION 67 OF THE SETTLEMENT AGREEMENT**<br><br>Hon. Dean D. Pregerson<br>United States District Judge |

Defendants County of Los Angeles ("County") and the Los Angeles County Sheriff ("Sheriff") and Plaintiff United States of America (collectively, the "Parties"), enter into this Joint Stipulation to Modify Provision 67 of the Settlement Agreement ("Joint Stipulation").

**I.    Background**

On August 5, 2015, the United States filed a complaint against the County and the

Sheriff alleging systemic violations of incarcerated persons' federal constitutional rights in the Los Angeles County Jails under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, and the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 (re-codified at 34 U.S.C. § 12601). ECF Doc. 1.  The same day, the Parties filed a joint stipulation seeking approval of a settlement agreement to resolve the United States' complaint. ECF Doc. 4. On September 3, 2015, the Court approved the settlement agreement and retained jurisdiction to enforce it. ECF Doc. 14.

The County believes revising Provision 67 will allow it to better direct compliance efforts to goals advanced in the Settlement Agreement, and assist the County and the Sheriff in more accurately and efficiently directing compliance efforts and documentation.  The United States does not object to the changes, some of which have already been part of the auditing methodology for years with the assent of the former Monitor and former Mental Health Subject Matter Expert.  The Monitor and his team have also been consulted and concur with the changes.  Accordingly, the Parties stipulate to revise Provision 67 of the Settlement Agreement as set forth below.

## II.     Stipulation to Modify Settlement Agreement

The settlement agreement permits the Parties to modify its terms by stipulation. ECF Doc. 14 ¶ 119. Provision 119 of the settlement states, in relevant part, "The Parties may jointly stipulate to make changes, modifications, and amendments to this Agreement, which will be effective absent further action from the Court, 30 days after a stipulation signed by all of the Parties has been filed with the Court." *Id*.  As set forth below, the Parties jointly stipulate to revise Provision 67 pursuant to Provision 119 of the Settlement Agreement.

Provision 67 as originally filed read as follows:

> Within three months of the Effective Date, the County and the Sheriff will implement policies for prisoners housed in High Observation Housing and Moderate Observation Housing that require:

    (a)    documentation of a prisoner's refusal of psychotropic medication in the prisoner's electronic medical record;

    (b)    discussion of a prisoner's refusal in treatment team meetings;

    (c)    the use of clinically appropriate interventions with such prisoners to encourage medication compliance;

    (d)    consideration of the need to transfer non-compliant prisoners to higher levels of mental health housing; and

    (e)    individualized consideration of the appropriateness of seeking court orders for involuntary medication pursuant to the provisions of California Welfare and Institutions Code sections 5332-5336 and/or California Penal Code section 2603(a).

*Id.* ¶ 67.

The Parties' agreed-upon revisions to Provision 67 separate patients into two groups according to acuity level and impose distinct requirements as to each group. The Parties stipulate to modify the text of Provision 67, pursuant to Provision 119, to read as follows:

    The County and the Sheriff will implement policies for patients housed in High Observation Housing and Moderate Observation Housing that require:

    (a)    For patients with a Mental Health Level of Care ("MHLOC") of P2:

        (i)    documentation of a patient's refusal of psychotropic medication in the patient's electronic medical record;

        (ii)    the use of clinically appropriate interventions with such patients to encourage medication adherence; and

        (iii)    consideration of the need to transfer non-adherent patients to higher levels of mental health housing.

    (b)    For patients with an MHLOC of P3 or P4:

        (i)    documentation of a patient's refusal of psychotropic medication in

3

the patient's electronic medical record;

(ii) the use of clinically appropriate interventions with such patients to encourage medication adherence;

(iii) consideration of the need to transfer non-adherent patients to higher levels of care;

(iv) discussion in treatment team meetings of non-adherent patients who are under consideration for admission to the forensic in-patient unit (i.e., individuals with an MHLOC of P4 as well as individuals referred for consideration of an increase to P4); and

(v) individualized consideration of the appropriateness of seeking orders for involuntary medication pursuant to the provisions of California Welfare and Institutions Code sections 5332-5336 and/or California Penal Code section 2603(a).

### III. Remainder of Settlement Agreement

Except as amended in this Joint Stipulation, the provisions of the Settlement Agreement shall remain unchanged and in full force and effect and shall apply to amended Provision 67.

//
//
//
//
//
//
//
//
//
//
//

STIPULATED AND AGREED UPON by the County, the Sheriff, and the United States of America.

Dated: April 22, 2024

JOSEPH T. MCNALLY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

/s/ Richard M. Park
RICHARD M. PARK
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

FOR THE UNITED STATES:

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief, Special Litigation Section
Civil Rights Division

MAURA KLUGMAN
Deputy Chief, Special Litigation Section
Civil Rights Division

/s/ Matthew Nickell
LUIS E. SAUCEDO
MAGGIE FILLER
MATTHEW NICKELL
NICHOLAS SHEEHAN
Trial Attorneys, Special Litigation Section
Civil Rights Division

*Attorneys for the United States of America*

Dated: April 22, 2024

FOR DEFENDANTS:

/s/ Robert E. Dugdale
ROBERT E. DUGDALE*
Kendall Brill & Kelly LLP

*Attorneys for the County of Los Angeles and Los Angeles County Sheriff*

* I hereby attest that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.