UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. 2:15-cv-5903-DDP-JEM<br><br>**[PROPOSED] ORDER MODIFYING DECEMBER 27, 2022 COURT ORDER SETTING DEADLINE FOR SUBSTANTIAL COMPLIANCE**<br><br>Hon. Dean D. Pregerson<br>United States District Judge |

Having reviewed the Parties' Joint Stipulation to Modify December 27, 2022 Court Order Setting Deadline for Substantial Compliance, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The County take the following actions to improve release planning and bring Provision 34 into substantial compliance:

a. provide quarterly reporting to the United States, Intervenors, and the Monitor about the County's Warm Landing Place initiative, beginning in the first quarter of 2025;

b. convene a regular working group meeting on improving the County's release planning processes that includes release-planning staff from the Correctional Health Services' Care Transitions Unit; representatives from the Los Angeles County Sheriff's Department; representatives from the Los Angeles County Public Defender's Office; and representatives from community-based organizations that provide release planning services, beginning in the first quarter of 2025; and

c. initiate a pilot program which provides an opportunity for those people without a predicted release date to voluntarily opt-in, via written notification, to a release planning meeting prior to the point of exit from custody and provides written information regarding an exit window in the Inmate Reception Area atrium staffed by Correctional Health Services ("CHS") release planners who have access to release planning records;

   i. the County shall be released of the obligation to provide this meeting if by doing so the County could not comply with deadlines established under *Rutherford v. County of Los Angeles*, Case No. 2:75-cv-04111-DDP, or if by doing so the County would violate state law.

   ii. the County will provide quarterly reporting to the United States, Intervenors, and the Monitor regarding (1) the number of individuals who opt-in to remain in custody for voluntary release planning services; (2) the types of services provided to those individuals; (3) the number of individuals who visit the CHS-operated Exit Window; and (4) the types of services provided to those individuals.

2. The Parties shall implement the stipulated revised Compliance Metric 34-1(d), which states:

(d) When applicable, the following services were provided as part of comprehensive release planning:

For people without predicted release dates ("PRDs"):

1) Assistance in obtaining identification or other vital records;
2) Assistance in obtaining benefits;
3) A plan for provision of bridge psychotropic medications;
4) Information about LA County's Homeless Court Clinic Program's upcoming clinic times and locations;
5) Connection to appropriate and available jail in-reach programs; and
6) Information regarding the (i) CHS-operated Exit Window and (ii) the opportunity to complete a written opt-in to remain in custody for a voluntary meeting with a release planner prior to release, which shall include offers of assistance to potentially obtain, on an emergency basis:
   a. A connection to available housing or to community-based providers who can assist in meeting housing needs;
   b. An arrangement for transportation to such housing or providers; and
   c. An appointment for the next clinically appropriate mental health appointment or walk-in instructions.

Those executing the written opt-in under (d)(6)(ii) shall be provided a meeting with a CHS release planner prior to their release to the extent that it does not violate the County's

3

obligations under state law, a court order, or deadlines established under *Rutherford v. County of Los Angeles*, Case No. 2:75-cv-04111-DDP.  The County will provide quarterly reporting regarding (1) the number of individuals who opt-in to remain in custody for voluntary release planning services; (2) the types of services provided to those individuals; (3) the number of individuals who visit the CHS-operated Exit Window; and (4) the types of services provided to those individuals.

If the Parties agree after a six-month pilot program period that the (d)(6) provisions should continue to be used in their current form or in a modified form, then the Parties will negotiate metrics for measuring compliance with (d)(6)'s requirements. At the end of the six-month pilot program, if the Parties do not agree that (d)(6) should be continued or if the Parties do not agree to compliance metrics for (d)(6), then any Party may provide the other Parties with written notice that it deems the revisions to the Provision 34 compliance measures contained in this stipulation to be null and void.  If such notice is given, the County's compliance with Provision 34 shall be measured using the Provision 34 compliance measures that existed before the Parties entered into this stipulation.

For people with PRDs, services listed in (d)(1)-(d)(5) above, plus:

7) An invitation to the community-based provider that has been or will be involved in coordinating the prisoner's care to participate in developing or implementing the Comprehensive Release Plan;

8) An appointment for the next clinically appropriate mental health

4

appointment or walk-in instructions;

9) An arrangement for transportation to the community-based provider, residence, or shelter that is located within the County and is identified in the Comprehensive Release Plan as being the location where the prisoner will be received;

10) A request for relevant mental health records for prisoners being directly linked to other mental health providers, as permitted by law; and

11) Connection to available housing or to community-based providers who can assist in meeting housing needs.

3. The Court's December 27, 2022 Order (ECF No. 234) be modified to require the County to bring Provision 34 of the parties' Settlement Agreement as amended in December 2018 (ECF Nos. 14, 142) into substantial compliance by June 30, 2025.

Dated: _____                    _____
                                           Honorable Dean D. Pregerson
                                           United States District Judge

Presented by:

JOSEPH T. MCNALLY
Acting United States Attorney

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

/s/ Amy Xu
AMY XU
Assistant United States Attorney
Civil Rights Section, Civil Division

FOR PLAINTIFF:

MAC WARNER
Deputy Assistant Attorney General
Civil Rights Division

REGAN RUSH
Chief, Special Litigation Section
Civil Rights Division

MAURA KLUGMAN
Deputy Chief, Special Litigation Section
Civil Rights Division

/s/ Luis E. Saucedo
LUIS E. SAUCEDO
MATTHEW NICKELL
MAGGIE FILLER
NICHOLAS SHEEHAN
Trial Attorneys, Special Litigation Section

*Attorneys for the United States of America*

FOR PLAINTIFF-INTERVENORS:

/s/ Grant A. Denny-Davis
GRANT A. DENNY-DAVIS
Munger, Tolles & Olson LLP

/s/ Mark D. Rosenbaum
MARK D. ROSENBAUM
AMELIA PIAZZA
Public Counsel

*Attorneys for Plaintiff-Intervenors*

FOR DEFENDANTS:

/s/ Robert E. Dugdale
ROBERT E. DUGDALE
Kendall Brill & Kelly LLP

*Attorney for the County of Los Angeles and Los Angeles County Sheriff*

6

[PROPOSED] ORDER MODIFYING DECEMBER 27, 2022 COURT ORDER SETTING DEADLINE FOR SUBSTANTIAL COMPLIANCE

## ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Robert E. Dugdale, attest that the above listed signatories on whose behalf this document is being filed have concurred in the filing's content and have authorized the filing.

DATED: March 6, 2025                KENDALL BRILL & KELLY LLP


By:  /s/ Robert E. Dugdale
Robert E. Dugdale
Attorneys for Defendants
County of Los Angeles and Los Angeles
County Sheriff Robert Luna, in his
Official Capacity