UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. 2:15-cv-5903-DDP-JEM<br><br>**[PROPOSED] ORDER MODIFYING DEADLINES FOR SUBSTANTIAL COMPLIANCE**<br><br>Hon. Dean D. Pregerson<br>United States District Judge |

Having reviewed the Parties' Joint Stipulation to Modify Court Orders Setting Deadlines for Substantial Compliance, and good cause appearing,

IT IS HEREBY ORDERED that the Court's December 27, 2022 Order (ECF No. 234 (the "December 2022 Order"), April 20, 2023 Order (ECF No. 248) (the "April 2023 Order"), and March 7, 2024 Order (ECF No. 266) (the "March 2024 Order") be modified as set forth below to bring the Settlement Agreement (ECF No. 14) into substantial compliance.

**A.    Revised Substantial Compliance Deadlines under the December 2022 Order and the March 2024 Order**

The deadlines to reach substantial compliance for Settlement Agreement provisions 25, 36, 37, 40, 43, 52, and 65 previously ordered in the December 2022 Order and the March 2024 Order are hereby modified in the following manner:

**1. Provision 25:** The previously imposed deadline to reach substantial compliance is hereby extended from March 31, 2024 to March 31, 2025.

**2. Provision 36:** The previously imposed deadline to reach substantial compliance is hereby extended from September 30, 2023 to June 30, 2025.

**3. Provision 37:** The previously imposed deadline to reach substantial compliance is hereby extended from March 31, 2024 to March 31, 2025.

**4. Provision 40:** The previously imposed deadline to reach substantial compliance is hereby extended from September 30, 2023 to June 30, 2025.

**5. Provision 43:** The previously imposed deadline to reach substantial compliance is hereby extended from March 31, 2024 to March 31, 2025.

**6. Provision 52:** The previously imposed deadline to reach substantial compliance is hereby extended from December 31, 2023 to March 31, 2025.

**7. Provision 65:** The previously imposed deadline to reach substantial compliance is hereby extended from March 31, 2024 to June 30, 2025.

**B.    Revised Compliance Benchmarks and Deadlines Under the April 2023 Order**

The benchmarks and deadlines to reach substantial compliance with Settlement

Agreement provisions 63 and 80 previously ordered in the April 2023 Order are hereby modified as follows:

1.  **Provision 63:** The previously imposed deadline to reach substantial compliance is hereby extended from December 31, 2024 to March 31, 2025. The previously imposed benchmarks to reach substantial compliance are hereby modified in the following manner:

   a.   By September 30, 2024, 80% of inmates must wait no longer than seven days in Supplemental Assessment Team (SAT) housing to receive permanent housing, and the average length of stay in SAT must be seven days or less;

   b.  By December 31, 2024, 85% of inmates must wait no longer than seven days in SAT to receive permanent housing, and the average length of stay in SAT must be seven days or less; and

   c.  By March 31, 2025, 90% of inmates must wait no longer than seven days in SAT to receive permanent housing, and the average length of stay in SAT must be seven days or less.

2.   **Provision 64:** The previously imposed deadline to reach substantial compliance is hereby extended from September 30, 2024 to June 30, 2025. The previously imposed benchmarks to reach substantial compliance are hereby modified in the following manner:

   a.  By the end of the first quarter of 2025, the difference between the total population of individuals with a mental health level of care ("MHLOC") of P4 and those receiving inpatient care must be, on average, no greater than 10 individuals;

   b.  By the end of the second quarter of 2025, the difference must be, on average, no greater than five individuals, and none of those individuals should wait longer than is clinically appropriate for inpatient placement.

3.  **Provision 80:** The previously imposed benchmarks and deadlines to reach

3

substantial compliance are hereby modified and extended in the following manner:

    a. **For the General High Observation Housing (HOH) Population:**

        i. By March 31, 2025, 100% of individuals who are in HOH during the entire week that is randomly audited[1] during the first quarter of 2025 must be offered a minimum of 10 hours of unstructured out-of-cell time during that week AND 85% of such individuals must be offered a minimum of 9 hours of structured out-of-cell time, with at least 4.5 such hours consisting of group programming; and

        ii. By June 30, 2025, 100% of individuals who are in HOH during the entire week that is randomly audited during the second quarter of 2025 must be offered a minimum of 10 hours of unstructured out-of-cell time during that week AND 95% of such individuals must be offered a minimum of 10 hours of structured out-of-cell time, with at least 5 such hours consisting of group programming.

    b. **For the Keep-Away Population in Restrictive Housing (Individuals Classified as K10, K17, K18, K19, or K20):**

        i. By March 31, 2025, 85% of individuals who are in HOH during the entire week that is randomly audited during the first quarter of 2025 must be offered a minimum of 10 hours of unstructured out-of-cell time during that week AND 65% of such individuals must be offered a minimum of 8 hours of structured out-of-cell time, with at least 4 such hours consisting of group programming;

        ii. By June 30, 2025, 90% of individuals who are in HOH during the entire week that is randomly audited during the second quarter of 2025 must be offered a minimum of 10 hours of unstructured out-

---

[1] If the randomly audited week contains Christmas, New Year's Day, Thanksgiving, Easter, or the Fourth of July, another week from the quarter will be randomly selected instead. This same principle will apply for all subsequent quarters.

of-cell time during that week AND 75% of such individuals must be offered a minimum of 9 hours of structured out-of-cell time, with at least 4.5 such hours consisting of group programming;

iii. By September 30, 2025, 95% of individuals who are in HOH during the entire week that is randomly audited during the third quarter of 2025 must be offered a minimum of 10 hours of unstructured out-of-cell time during that week AND 85% of such individuals must be offered a minimum of 10 hours of structured out-of-cell time, with at least 5 such hours consisting of group programming; and

iv. By December 31, 2025, 100% of individuals who are in HOH during the entire week that is randomly audited during the fourth quarter of 2025 must be offered a minimum of 10 hours of unstructured out-of-cell time during that week AND 95% of such individuals must be offered a minimum of 10 hours of structured out-of-cell time, with at least 5 such hours consisting of group programming.

**C.** **Remaining Substantial Compliance Deadlines under the December 2022 Order and the March 2024 Order**

The deadlines to reach substantial compliance for Settlement Agreement provisions 28, 31, 39, 42, 47, 53, 57, 61, 62, 66, 70, 79, and 81, previously ordered in the December 2022 Order and the March 2024 Order are hereby modified and extended to March 31, 2025 for provisions 28 and 53 and to June 30, 2025 for provisions 31, 39, 42, 47, 57, 61, 62, 66, 70, 79, and 81.

//

//

//

//

5

Except as amended in this Order, the remaining substantial compliance deadlines imposed by the December 2022 Order, April 2023 Order, and the March 2024 Order shall remain unchanged and in full force and effect.

Dated: _____

_____
Honorable Dean D. Pregerson
United States District Judge

Presented by:

Dated: March 6, 2025

JOSEPH T. MCNALLY
Acting United States Attorney

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

*/s/ Amy Xu*
AMY XU
Assistant United States Attorney
Civil Rights Section, Civil Division

FOR PLAINTIFF:

MAC WARNER
Deputy Assistant Attorney General
Civil Rights Division

REGAN RUSH
Chief, Special Litigation Section
Civil Rights Division

MAURA KLUGMAN
Deputy Chief, Special Litigation Section
Civil Rights Division

*/s/ Matthew Nickell*
LUIS E. SAUCEDO
MATTHEW NICKELL
MAGGIE FILLER
NICHOLAS SHEEHAN
Trial Attorneys, Special Litigation Section

*Attorneys for the United States of America*

Dated: March 6, 2025

FOR DEFENDANTS:

*/s/ Robert E. Dugdale*
ROBERT E. DUGDALE
Kendall Brill & Kelly LLP

*Attorney for the County of Los Angeles
and Los Angeles County Sheriff*

6